JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 4734

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A&E PARTNERS HOLDING, LLC and A&E
PARTNERS HOLDING I, LLC,

               Plaintiffs,

   -against-

IAC/INTERACTIVE CORP. f/k/a USA
INTERACTIVE,

               Defendants

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:
:
:
:
:
:
:
:
:
:
:
:

08 Civ. _____

**NOTICE OF REMOVAL**

RECEIVED
MAY 20 2008
U.S.D.C. S.D.N.Y.
CASHIERS

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

    **PLEASE TAKE NOTICE** that, on this date, pursuant to 28 U.S.C. §§ 157, 1334 and

1452, defendant IAC/InterActiveCorp. ("IAC"), by and through its attorneys, Gibson, Dunn &

Crutcher LLP, hereby removes this action from the Supreme Court of the State of New York,

County of New York ("New York State Court"), to the United States District Court for the

Southern District of New York ("District Court"). This Court has original jurisdiction over this

matter pursuant to 28 U.S.C. § 1334(b).

    In support of this Notice of Removal, IAC states as follows:

**THE COMPLAINT**

    1.    Plaintiffs A&E Partners Holding, LLC and A&E Partners Holding I, LLC

(collectively, "A&E") are the assignees of a lease agreement dated March 14, 2003 (the "Lease")

whereby the original landlord leased a parcel of real property to non-party PRC, LLC f/k/a

Precision Response Corp., ("PRC" or the "Debtor"), the debtor in the bankruptcy case captioned

*In re PRC, LLC*, Bankruptcy Petition No. 08-10239-mg (the "Petition"), currently pending

before the Honorable Judge Martin Glenn in the United States Bankruptcy Court for the

Southern District of New York.  See Complaint dated April 2, 2008 ("Compl.").  ¶¶ 1, 3-4.  (A true and correct copy of the Summons and Complaint dated April 2, 2008 is attached hereto as Exhibit A).

2.      On April 2, 2008, A&E commenced a civil action against IAC in the Supreme Court for the State of New York, County of New York, captioned *A&E Partners Holding, LLC et al. v. IAC/InterActiveCorp. f/k/a USA InterActive*, Index No. 105288/2008 (the "State Court Litigation"), by filing a Summons and Complaint.

3.      In pertinent part, the Complaint alleges (1) that the Lease imposed upon the Debtor the obligation to pay to the State of Florida all real property taxes with respect to the property subject to the Lease, see Compl. ¶ 6; (2) that, after filing its Bankruptcy Petition on January 23, 2008, the Debtor failed to make payment to the State of Florida for an assessment of real property taxes in the amount of $244,755.57 due on or before March 31, 2008, see id. ¶¶ 10-12; (3) that A&E paid the assessment pursuant to the terms of the Lease; see id. ¶¶ 13-14; and (4) that the Guaranty obligated IAC to guarantee the Debtor's obligation to pay real property taxes under the Lease and, therefore, that IAC is liable to A&E for the assessment and associated costs, expenses, interest and attorneys fees pursuant to the terms of the Lease and Guaranty, see id. ¶¶ 7-9, 15-18.

4.      IAC did not receive a copy of the Summons and Complaint until April 21, 2008. See Declaration of Janet M. Weiss dated May 20, 2008 (attached hereto as Exhibit B) (the "Weiss Decl.") ¶ 2.

**The PRC Bankruptcy**

5.      PRC filed its Petition pursuant to chapter 11 of the Bankruptcy Code on January 23, 2008.  A true and correct copy of the Voluntary Petition of PRC dated January 23, 2008 is attached hereto as Exhibit C.

6.      On February 6, 2008, counsel for A&E filed a notice of appearance in PRC's bankruptcy proceedings.  A true and correct copy of the Notice of Appearance and Request for Service of Documents filed by Ilana Volkov on behalf of A&E Partners Holding I LLC, A&E Partners Holding LLC dated February 6, 2008 is attached hereto as Exhibit D.

7.      On April 24, 2008, A&E filed a proof of claim dated April 21, 2008 in PRC's bankruptcy proceedings, which claim the taxes sought in A&E's Complaint, along with any unpaid rent and obligations under the Lease.  A true and correct copy of the Proof of Claim of A&E Partners Holding I LLC and A&E Partners Holding LLC, filed April 24, 2008 ("Proof of Claim") is attached hereto as Exhibit E.  See also, Weiss Decl. ¶ 6.

8.      PRC filed its Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code and accompanying Disclosure Statement on May 2, 2008.  A true and correct copy of excerpts from the Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code dated May 2, 2008 (the "Joint Plan") is attached hereto as Exhibit F.  A true and correct copy of excerpts from the Disclosure Statement for PRC's Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code dated May 2, 2008 (the "Disclosure Statement") is attached hereto as Exhibit G.

9.      Pursuant to the Joint Plan, PRC will assume certain executory contracts and unexpired leases pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code and cure any applicable defaults.  Joint Plan § 8.1, at 23.  The designations of leases that PRC will assume

will be identified on Schedule 8.01(B), which will be contained in the Plan Supplement. PCR
will file the Plan Supplement no later than June 12, 2008. The assumption of the leases will be
made by order confirming the Joint Plan. Id. The Plan Supplement will be filed on or before
June 12, 2008. Weiss Decl. ¶ 3; see also Bankruptcy Court Order dated May 8, 2008 (attached
hereto as Exhibit H).

10.    ██████████████PRC's chief restructuring officer have advised ██████████
IAC that PRC intends to assume the Lease and will designate the Lease in the Plan Supplement
accordingly. See Weiss Decl. ¶4. Thus, PRC expects to cure all defaults under the Lease,
including any obligation it may have to reimburse A&E for real property taxes and related costs,
expenses, interest and attorneys fees pursuant to the terms of the Lease. See id.

**GROUNDS FOR REMOVAL**

11.    This case should be removed to the District Court because it is based on a claim
that is identical to the cure claim to assume the Lease. The cure claim is within the PRC
bankruptcy court's core jurisdiction. Further, such claim is related to the PRC bankruptcy
proceedings. Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in
a civil action . . . to the district court for the district where such civil action is pending, if such
district court has jurisdiction of such claim or cause of action under § 1334 of this title." Under
28 U.S.C. § 1334(b), this Court has jurisdiction to hear "all civil proceedings arising under title
11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

12.    Matters "arising under" title 11 and "arising in" a case under title 11 are
collectively referred to as "core" bankruptcy proceedings. See In re Methyl Tertiary Butyl Ether
Prods. Liab. Litig., 341 F. Supp.2d 386, 411 (S.D.N.Y. 2004); 28 .S.C. § 157(b). A proceeding
is a core proceeding—that is, "encompassed within the bankruptcy court's core ... jurisdiction"—

"'if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" In re Leco Enters., Inc., 144 B.R. 244, 249 (S.D.N.Y.1992) (quoting Wood v. Wood, 825 F.2d 90, 96-97 (5th Cir.1987)).  Because a core matter is within the province of the Bankruptcy Court, it is appropriately removed under 28 U.S.C. § 1452.  See 28 U.S.C. § 157(b).  Examples of core matters, as described in 28 U.S.C. § 157(b)(2), include: (1) matters concerning the administration of the estate (§157(b)(2)(A)); (2) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 (§157(b)(2)(B)); (3) determinations as to the dischargeability of particular debts (§157(b)(2)(I)); (4) orders approving the use or lease of property (§157(b)(2)(M)); (5) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate (§157(b)(2)(N)); and (6) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship (§157(b)(2)(0)).

13.     A&E's claim for the taxes in this case is a identical to a claim within the core jurisdiction of the Bankruptcy Court.  In the Disclosure Statement (and the Joint Plan), it is made clear that the Bankruptcy Court has *exclusive* jurisdiction over matters relating to "pending applications for the assumption or rejection of executory contracts or unexpired leases and the allowance of cure amounts and Claims resulting therefrom" and "disputes involving the existence, scope and nature of the discharges granted under the Plan, the Confirmation Order or the Bankruptcy Code."  Disclosure Statement ¶ J(a), (j),  at 52-53; Joint Plan Art. 12 , at 32-33.

14.     A&E seeks to recover under a Lease that will be assumed by PRC in its bankruptcy proceeding and thus will be subject to the Bankruptcy Court's exclusive jurisdiction.

Such a claim is thus a identical to a "core" matter pursuant to the Joint Plan. Any recovery A&E stands to make on the Lease by way of PRC's cure of its alleged defaults, and whether A&E will have any claim left to assert pursuant to the Guaranty will be subject to the determination and approval of the Bankruptcy Court. Accordingly, A&E's claim should be removed as arising under the PRC Bankruptcy Proceeding.

15.    A&E's claim must also be removed because such claim involves matters that are identical to a claim that "arise in" the PRC bankruptcy proceeding. Because PRC is expected to assume the Lease, and cure all defaults under the Lease pursuant to the Joint Plan, A&E's claim directly and substantially impacts (1) the administration of the PRC estate, (2) the allowance of claims against the estate, (3) the dischargeability of particular debts and (4) the adjustment of the debtor-creditor relationship between PRC and A&E. These are matters that are categorized as "core" by statute.

16.    In addition, insofar as the Lease provides PRC with certain tenancy rights, A&E's claim also impacts any orders by the Bankruptcy Court in the PRC Bankruptcy approving the use and lease of property, and the sale of property, additional matters defined as "core" by statute. Id. Accordingly, A&E's claim is further confirmed as a core matter that requires removal to the District Court.

17.    Even if A&E's claim against IAC is determined to be non-core, it should be removed because such claim is "related to" the PRC Bankruptcy. 28 U.S.C. § 1334. A proceeding is within the "related to" jurisdiction of the Bankruptcy Court if "the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." Winstar Holdings, LLC v. Blackstone Group L.P., 07 Civ. 4634 (GEL), 2007 WL 4323003, at *5-6 (S.D.N.Y. Dec. 10, 2007). "A proceeding need not necessarily be against the debtor or

against the debtor's property to satisfy the requirements for "related to" jurisdiction. . . . Instead, there must be some nexus between the 'related' civil proceeding and the title 11 case." Rahl v. Bande, 316 B.R. 127, 133 (S.D.N.Y. 2004); see also In re Turner, 724 F.2d 338, 341 (2d Cir. 1983) (requiring a "significant connection" to the bankruptcy proceeding for "related to" jurisdiction); In re Holland Industries, Inc., 103 B.R. 461, 470 (Bkrtcy. S.D.N.Y. 1989) ("It is [the] concern for limits defined by bankruptcy purposes that defines related jurisdiction, under 28 U.S.C. §§ 157, 1334(a), to exclude proceedings between third parties that do not bind a debtor, do not involve estate property and do not concern the debtor-creditor or inter-creditor relationships.").

18.    A&E's claim has a significant connection or nexus to the PRC bankruptcy. First, PRC has indicated that it expects to assume the Lease and cure all alleged defaults thereunder. Moreover, A&E has submitted a proof of claim in the PRC bankruptcy court for the same amount sought in this case. Proof of Claim, at 1; Weiss Decl. ¶ 6. Thus A&E's claim in this case will overlap with the assumption and cure determination to be undertaken by PRC pursuant to its Joint Plan. Joint Plan § 8.01, at 23. This overlap concerns debtor-creditor and inter-creditor relationships with respect to the PRC estate, insofar as any recovery in this action by A&E will bar it from any recovery in the bankruptcy proceeding and vice versa. In re Prudential of Florida Leasing, Inc., 478 F.3d 1291, 1297 (11th Cir. 2007) (noting that Florida law, like the law of most states, prevents a party from recovering twice for the same damages).[1]

---

[1]    The Guaranty upon which A&E bases their claim against IAC is expressly governed by Florida Law. Guaranty § 12 (Weiss Decl. Ex. __). The Lease, which does not contain a governing law clause, would be governed by Florida law under conflicts of laws principles. See In re Parmalat Securities Litigation, No. 04 Civ. 9771 (LAK)(DLC), 2007 WL 541466, at *8 (S.D.N.Y. Feb. 22, 2007) (noting that in absence of a significant federal interest, a federal court should apply the forum state's choice of law rules even in bankruptcy cases).

7

19.    Second, to the extent A&E recovers any damages in this action against IAC, IAC will in turn make a claim against the PRC estate seeking to recover any such losses. Accordingly, any recovery by A&E in this action will have a direct impact on the PRC estate. See, e.g., Widewaters Roseland Center Co. v. TJX Co., Inc. 135 B.R. 204, 208 (N.D.N.Y. 1991) (finding that alleged action against nondebtor guarantor was "related to" debtor's bankruptcy and noting that "[t]he fact remains that whomever . . . pays, the monies will come out of the bankrupt estate. This is exactly the type of situation the court . . . had in mind when it defined "related to" jurisdiction; and there is no doubt that such an action constitutes a "significant connection" with the bankruptcy proceeding."). See also, In re Brentano's, Inc., 27 B.R. 90, (Bkrtcy. S.D.N.Y. 1983) (finding state court claim against alleged guarantor on a lease "related to" lessee-debtor's bankruptcy proceeding). Thus, because A&E's action against IAC has a significant relationship with the PRC bankruptcy proceeding, this action should be removed.[2]

**Timeliness**

20.    IAC has timely filed this notice of removal within 30 days of receipt of a copy of the initial pleading in accordance with 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3). IAC received a copy of the initial pleading on April 21, 2008.  Weiss Decl. ¶ 2.

21.    IAC will promptly serve a copy of this Notice on counsel for A&E and a copy of this Notice with the Clerk of the New York State Court in accordance with the terms of 28

---

[2]    Where an action is "related to" and "non-core," it may still fall within the bankruptcy court's jurisdiction if, in addition to the required nexus with a title 11 proceeding, the parties consent to the entry of final orders or judgments by the Bankruptcy Court. See 28 U.S.C. § 157(c); S.G. Phillips Constructors, inc. v. Vity of Burlington, 45 F.3d 702, 704 (2d Cir. 1995). Having filed a proof of claim in the PRC Bankruptcy, A&E is deemed to have consented "to the bankruptcy court's broad equitable jurisdiction" to resolve the claims it has asserted against IAC. Central Vt. P.S.C. v. Herbert, 341 F.3d 186, 191-92 (2d Cir. 2003). In the event A&E's claim is deemed to be "non-core", IAC consents to the entry of final orders or judgments by the Bankruptcy Court.

U.S.C. § 1446(d) and Fed. R. Bankr. 9027(b) and (c).  A true and correct copy of the Certificate of Service for this Notice of Removal is attached hereto as Exhibit I.

     **WHEREFORE**, the Removing Defendant respectfully requests that this Court accept this Notice of Removal and grant it such other and further relief as the Court deems just and proper.

Dated:   May 20, 2008                    Respectfully Submitted,

                                     Gibson, Dunn & Crutcher LLP

                                     By: _____

                                     Janet M. Weiss (JW-5460)
                                     Jennifer H. Reardon (JR-2552)
                                     David J. Kerstein (DK-7017)
                                     Kenneth J. Figueroa  (KF-6646)
                                     Gabriel Herrmann (GH-2436)

                                     200 Park Avenue, 47th Floor
                                     New York, New York 10166
                                     Tel.: (212) 351-4000
                                     Fax: (212) 351-4035
                                     *Attorneys for Defendant*
                                     *IAC/InterActiveCorp*

# Exhibit A

*Served 4-21-08*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A&E PARTNERS HOLDING, LLC and A&E
PARTNERS HOLDING I, LLC,

Plaintiffs,

v.

IAC/INTERACTIVE CORP. f/k/a USA
INTERACTIVE,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Index No. *105288/2008*

**SUMMONS**

Plaintiffs' designates New York
County as the place of trial. The
basis of the venue is New York
County is Plaintiffs' place of
business pursuant to C.P.L.R.
§503(c).

TO THE ABOVE-NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York).

In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

New York, New York
DATED: April 2, 2008

45519/0001-1516542v1

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Attorneys for Plaintiffs

By: _____
     Leo V. Leyva
     900 Third Avenue
     16th Floor
     New York, NY  10022
     (212) 752-8000

TO:    IAC/Interactive Corp.
       555 West 18th Street
       New York, New York 10011

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------
A&E PARTNERS HOLDING, LLC and A&E                    Index No.
PARTNERS HOLDING I, LLC,

                        Plaintiffs,
                                                    **COMPLAINT**

            -against-

IAC/INTERACTIVE CORP. f/k/a/ USA
INTERACTIVE,

                        Defendants
-------------------------------------------------------------

Plaintiffs, A&E Partners Holding, LLC ("A&E Partners") and A&E Partners Holding I,

LLC ("A&E Partners I" and together with A&E Partners, collectively referred to herein as

"A&E"), by their attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., complaining against

Defendant, IAC/Interactive Corp. f/k/a/ USA INTERACTIVE ("IAC"), alleges and states as

follows:

                                    **PARTIES**

    1.      A&E Partners and A&E Partners I are limited liability companies organized under

the laws of the State of Delaware.  A&E has its principal place of business at 450 Seventh

Avenue, 45th Floor, New York, NY  10123.

    2.      Upon information and belief, IAC is and at all relevant times was a corporation

incorporated and organized under the laws of the State of Delaware, and maintains its principal

place of business at 555 West 18th Street, New York, NY 10011.

## FACTS COMMON TO ALL CLAIMS

3.      Pursuant to a written lease agreement dated March 14, 2003 (the "Lease"), between Parker Real Estate Partners III, LLLP ("Parker"), as landlord, and PRC LLC, formerly known as Precision Response Corp ("PRC"), as tenant, Parker leased to PRC a certain parcel of land with buildings and improvements thereon located at 19500 South Dixie Highway, Cutler Ridge, Miami Dade County, Florida 33157 (the "Premises").

4.      On May 11, 2007 Parker assigned the Lease to A&E. .

5.      IAC guaranteed PRC's performance and obligations under the Lease pursuant to a Guaranty (the "Guaranty").

6.      Article 3, Section 3.01 of the Lease, titled "Payment of Taxes and Assessments," requires PRC to pay, among other things, real estate taxes with respect to the Premises:

> 3.01 During the Term Tenant shall, as additional rent, pay to the taxing authority directly. . .before any fine, penalty, interest or cost may be added thereto, or become due or be imposed by operation of law for the non payment thereof, all taxes (including ad valorem real property taxes, personal property and sales taxes, if any), assessments, water and sewer rents, rates and charges, transit taxes, charges for public utilities, excises, levies, license and permit fees and other governmental charges, general and special, ordinary and extraordinary, foreseen and unforeseen, of any kind and nature whatsoever which at any time may be assessed, levied, confirmed, imposed upon, or grow or become due and payable out of or in respect of, or become a lien on the Demised Premises. . . .

7.      Pursuant to Article 31, Section 31.01 of the Lease, titled "Guaranty, Financial Statements and Audits," IAC agreed to absolutely, irrevocably and unconditionally the Lease:

> 31.01 This Lease shall be absolutely, irrevocably and unconditionally guaranteed by USA Interactive, a Delaware Corporation (jointly and severally and collectively the "Guarantor") to secure Tenant's payment and faithful performance of each of Tenant's obligations under this Lease.  Guarantor shall execute and deliver to Landlord prior to the Lease Effective Date the form of Guaranty attached hereto as Schedule C, which

2

45519/0001 3109808v1

Guaranty shall be executed and delivered to Landlord on the Lease Effective Date.

8.      In turn, Section 2 of the "Guaranty" provides:

> 2.      The Guarantor hereby absolutely, irrevocably and unconditionally guarantees (as a primary obligor and not merely as a surety) to Landlord, its successors, assigns and participants the full and prompt payment of all sums due and payable to the Landlord under the Lease on the dates same shall become due and payable, whether by lapse of time, acceleration of maturity or otherwise. The Guarantor hereby agrees that if Tenant shall fail to pay the sums due under the Lease in accordance with its terms, then the Guarantor shall fully and punctually make such payments and, if there shall be a default under any provision of any of the Lease, then the Guarantor shall satisfy such obligation and cure any such default.

9.      Section 3 of the "Guaranty" states, in pertinent part:

> 3.      The obligations, covenants, agreements and duties of the Guarantor under this Guaranty shall in no way be affected or impaired by: (i) the modification or amendment (whether material or otherwise) of any of the obligations of Tenant; (ii) the voluntary or involuntary bankruptcy or rejection of the Lease by a trustee or debtor in bankruptcy, assignment for the benefit of creditors, reorganization, or other similar proceedings affecting Tenant; (iii) the release of Tenant from performance or observance of any of the agreements, covenants, terms or conditions contained in this Guaranty or under the Lease by the operation of law including, but not limited to, the release of Tenant's obligation to pay interest of attorney's fees. . . .

10.     The combined ad valorem taxes and non-ad valorem assessments for the Premises for the 2007 calendar year were $244,755.57 (the "Assessment"). The Assessment had to be paid by March 31, 2008.

11.     On January 23, 2008, PRC filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York.

12.     PRC did not pay the Assessment on March 31, 2008, despite due demand by A&E.

3

45519/0001-3109808v1

13.    Sections 6.01 and 6.02 of the Lease, titled "Landlord's Rights to Perform

Tenant's Covenants," state, in pertinent part:

> 6.01    If Tenant shall at any time fail to pay any
> Imposition in accordance with the provision of Article 3 hereof, or
> to take out, pay for, maintain or deliver any of the insurance
> policies provided for in Article 5 hereof, or shall fail to make any
> other payment or perform any other material act on its part to be
> made or performed, then Landlord, after ten (10) days' written
> notice to Tenant describing the alleged failure and the actions
> required by Tenant to cure such failure (or without notice in case
> of an emergency or failure to provide any insurance) and without
> waiving or releasing Tenant from any obligations of Tenant
> contained in this Lease, may (but shall be under no obligation to):
> (a) pay any Imposition payable by Tenant pursuant to the
> provisions of Article 3 hereof or (b) take out, pay for and maintain
> any of the insurance policies provided for in Article 5 hereof, or (c)
> make any other payment or perform any other act on Tenant's part
> to be made or performed as in this Lease provided. . . .

> 6.02    All reasonable sums so paid by Landlord and all
> costs and expenses incurred by Landlord in connection with the
> performance of any such act, together with interest thereon at the
> Default Rate from the respective dates of Landlord's making of
> each such payment or incurring of each such cost and expense (but
> in no event earlier that ten (10) days after Landlord's written notice
> to Tenant), shall constitute additional rent payable by Tenant under
> this Lease and shall be paid by Tenant to Landlord on demand, and
> Landlord shall not be limited in the proof of any damages. . . .

14.    Exercising its rights and remedies under Article 6 of the Lease, A&E paid the

Assessment.

15.    Under the terms of the Lease and the Guaranty, IAC is liable to A&E for the

Assessment and all costs and expenses incurred by A&E in connection with the payment thereof,

together with any interest thereon at the default rate and attorneys fees.

4

## FIRST CAUSE OF ACTION
### (Breach of Guaranty)

16.    A&E repeats and realleges the allegations set forth in paragraphs 1 through 15 above, as if the same were fully set forth herein.

17.    In light of PRC's anticipatory repudiation and despite due demand, IAC has failed to pay or agree to pay the taxing authority or in the alternative A&E on PRC's behalf.

18.    Based upon the foregoing, IAC is directly liable to A&E in the amount of $244,755.57, all costs and expenses incurred by Plaintiffs in connection with their payment of the Assessment, together with interest thereon at the default rate, plus A&E's attorneys' fees and costs as provided in Article 26, Sections 26.01-26.02 of the Lease, titled "Attorneys' Fees and Costs, Notice of Litigation."

WHEREFORE, Plaintiffs demand that judgment be entered against the Defendant as follows:

A.    On all Causes of Action, awarding Plaintiffs a money judgment against Defendant, in the amount of $244,755.57, all costs and expenses incurred by Plaintiffs in connection with their payment of the Assessment,  together with interest thereon at the default rate, attorneys' fees and costs;

B.    Awarding such other and further relief as this Court deems just and proper.

5

DATED:    New York, New York        COLE, SCHOTZ, MEISEL,
          April 2, 2008             FORMAN & LEONARD, P.A.
                                    A Professional Corporation
                                    Attorneys for Plaintiffs, A&E Partners Holding,
                                    LLC and A&E Partners Holding I, LLC


                                    By:_____
                                        Leo V. Leyva
                                        900 Third Avenue, 16th floor
                                        New York, NY 10022-4728
                                        (212) 752-8000

6

45519/0001-3109808v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---

A&E PARTNERS HOLDING, LLC and A&E
PARTNERS HOLDING I, LLC,

        Plaintiffs,

  -against-                            INDEX NO.

IAC/INTERACTIVE CORP. f/k/a USA
INTERACTIVE,

        Defendant.

---

## SUMMONS AND COMPLAINT

---

LEO V. LEYVA, ESQ.
Cole Schotz Meisel Forman & Leonard, P.A.
A Professional Corporation
900 Third Avenue, 16th Floor
NEW YORK, NEW YORK 10022-1906
(212) 752-8000
Attorneys for A&E Partners Holding, LLC and A&E Partners Holdings I, LLC

---

Service of a copy of the within SUMMONS AND COMPLAINT is hereby admitted.


Dated:  April 2, 2008


                                           
Attorneys for A&E Partners Holding, LLC and
A&E Partners Holdings I, LLC

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

A&E PARTNERS HOLDING, LLC and A&E     :
PARTNERS HOLDING I, LLC,         :

                             ::   08 Civ.

              Plaintiffs,    :

  -against-                   :

                             :   **DECLARATION OF JANET**

IAC/INTERACTIVE CORP. f/k/a USA    :   **M. WEISS IN SUPPORT OF**
INTERACTIVE,                  :   **DEFENDANT**

                             :   **IAC/INTERACTIVECORP'S**

              Defendant   ::   **NOTICE OF REMOVAL**

                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Pursuant to 28 U.S.C. § 1746, I, Janet M. Weiss, under penalty of perjury, declare as follows:

      1.     I am a member of the law firm of Gibson, Dunn & Crutcher LLP ("Gibson

Dunn"), attorneys for defendant IAC/InterActiveCorp ("IAC") in above-captioned action.  I

submit this Declaration in Support of IAC's Notice of Removal and Motion to Refer the above-

referenced action to the United States Bankruptcy Court for the Southern District of New York

(the "Bankruptcy Court").  Unless otherwise stated in this Declaration, I have personal

knowledge of the facts set forth herein.

      2.     Gibson Dunn was retained by IAC to represent it in this action shortly after its

receipt of the summons and complaint filed in this action.  IAC received such summons and

complaint on April 21, 2008.

      3.     PRC's disclosure statement (the "Disclosure Statement") as approved by the

Bankruptcy Court on May 8, 2008 (the "Disclosure Statement Order") provides that the leases

that PRC will assume pursuant to its Joint Plan of Reorganization (the "Plan") will be set forth

on Schedule 8.01(B), which will be contained in a Plan Supplement.  The Plan Supplement will

be filed on or before June 2, 2008. *See Disclosure Statement* at 55; *Disclosure Statement Order*.

4.    ████████████████████████████████████████████████████████████

████ Stephen R. Dubé, the chief restructuring officer of PRC, LLC f/k/a Precision Response

Corp. ("PRC"), ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████ informed ██ _IAC_ that PRC intends to assume the lease agreement, dated March 14,

2003, between PRC, on the one hand, and A&E Partners Holding, LLC and A&E Partners

Holding I, LLC (collectively, "A&E"), on the other hand (the "Lease") and that the Lease will be

identified on Schedule 8.01(B) of the Plan Supplement.

5.    Pursuant to the requirements of sections 365(a) and 1123(b)(2) of Title 11 of the

United State Code (the "Bankruptcy Code"), PRC is required to cure all defaults under the

Lease, other than certain nonmonetary defaults not applicable here.  The cure obligation includes

any obligation PRC has under the Lease, including any unpaid rent, real property taxes and

related costs, expenses, interest and attorneys fees, all of which are treated as additional rent

pursuant to the terms of the Lease.

6.    A&E has filed a proof of claim dated April 21, 2008 in PRC's bankruptcy case,

which claimed the taxes sought in this action, along with any unpaid rent and obligations under

the Lease.

I declare under penalty of perjury that foregoing is true and correct.

Executed at New York, New York this 20th day of May, 2008.


By: _David M Weiss_
     Janet Weiss


100449613_2.DOC

2

# Exhibit C

(Official Form 1) (1/08)

FORM B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**PRC, LLC** | |
|---|---|---|
| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location<br>Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor:<br>**See Attached Schedule 1** | Case Number: **Pending** | Date Filed: **1/23/08** |
| District: **Southern District of New York** | Relationship: **Affiliates** | Judge: **Pending** |

<table>
<tr>
<td><b>Exhibit A</b><br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><b>NOT APPLICABLE</b><br><br>☐   Exhibit A is attached and made a part of this petition.</td>
<td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b).<br><br>X_____<br>  Signature of Attorney for Debtor(s)       Date</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No. (See Exhibit C attached hereto)

**Exhibit D**

**NOT APPLICABLE**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐     Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐     Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box.)

☐     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

**NOT APPLICABLE**

☐     Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐     Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

(Official Form 1) (1/08)

FORM B1, Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**PRC, LLC** |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X_____
Signature of Debtor

X_____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X /s/ Alfredo R. Pérez
Signature of Attorney for Debtor(s)

Alfredo R. Pérez, Esq. (AP3629)
Printed Name of Attorney for Debtor(s)

Weil, Gotshal & Manges LLP
Firm Name

700 Louisiana St., Suite 1600
Address

Houston, Texas 77002

(713) 546-5000
Telephone Number

1/23/08
Date

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ H. Philip Goodeve
Signature of Authorized Individual

H. Philip Goodeve
Printed Name of Authorized Individual

Chief Financial Officer
Title of Authorized Individual

1/23/08
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X_____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## Schedule 1 to Chapter 11 Petition for PRC, LLC

| PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER OR AFFILIATE OF THIS DEBTOR | | |
|---|---|---|

| Name of Debtor:<br>Panther/DCP Intermediate<br>Holdings, LLC | Case No.<br><br>08-_____ ( ) | Date Filed:<br>1/23/08 |
|---|---|---|
| District:<br>Southern District of New York | Relationship:<br><br>Parent | Judge:<br><br>Pending |

| Name of Debtor:<br><br>PRC B2B, LLC | Case No.<br><br>08-_____ ( ) | Date Filed:<br>1/23/08 |
|---|---|---|
| District:<br>Southern District of New York | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |

| Name of Debtor:<br><br>Access Direct Telemarketing, Inc. | Case No.<br><br>08-_____ ( ) | Date Filed:<br>1/23/08 |
|---|---|---|
| District:<br>Southern District of New York | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |

| Name of Debtor:<br>Precision Response of<br>Pennsylvania LLC | Case No.<br><br>08-_____ ( ) | Date Filed:<br>1/23/08 |
|---|---|---|
| District:<br>Southern District of New York | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |

On the date hereof, each of the affiliated entities listed above (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court For the Southern District of New York (the "Court"). A motion has been filed or shortly will be filed with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
In re                                   :
                                        :
PRC, LLC                                :      Chapter 11
                Debtor                  :
                                        :      Case No. 08-_____  (___)
8151 Peters Road, Suite 4000            :
Plantation, FL  33324                   :      Jointly Administered
EIN No. 592194806                       :
-------------------------------------------------------x
```

## EXHIBIT 'C' TO VOLUNTARY PETITION

1.      Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

The Debtor does not believe it owns or possesses any real or personal property that poses

or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.  To

the extent the Debtor has an interest in such property, to the best of the Debtor's knowledge, the

Debtor is in compliance with all applicable laws, including, without limitation, all environmental

laws and regulations.

2.      With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

The Debtor is not aware of any real or alleged dangerous conditions existing on or related

to any real or personal property owned or possessed by the Debtor.

# CERTIFICATE OF RESOLUTIONS

I, H. Philip Goodeve, a duly authorized officer of PRC, LLC, a Florida limited

liability company (the "Company"), hereby certify that at a special meeting of the Board of

Managers for the Company, duly called and held on January 23, 2008, the following resolutions

were adopted in accordance with the requirements of the Delaware Limited Liability Company

Law and that these resolutions have not been modified or rescinded and are still in full force and

effect on the date hereof:

RESOLVED, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

RESOLVED, that each of the Chairman of the Board, the Chief Executive Officer, the Chief Financial Officer, and the Chief Restructuring Officer (each such officer or designee being an "Authorized Person" and all being the "Authorized Persons") are hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute and verify petitions and amendments thereto under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York at such time or in such other jurisdiction as such Authorized Person executing the same shall determine.

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP is hereby engaged as attorneys for the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED, that the firm of Evercore Partners is hereby engaged as financial advisors for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED, that Stephen R. Dubé and the firm of CXO, LLC are hereby engaged as Chief Restructuring Officer and restructuring advisors, respectively, for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name

and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to engage and retain all assistance by legal counsel, accountants, financial advisors, and other professionals in connection with the Chapter 11 Case, with a view to the successful prosecution of such case.

RESOLVED, that in connection with the Chapter 11 Case, the terms, conditions and other provisions reflected in the Terms of Senior Secured Superpriority Debtor-in-Possession Financing Facility (the "<u>Financing Term Sheet</u>") attached hereto as Exhibit A are hereby approved.

RESOLVED, that   in connection with the Chapter 11 Case, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to cause the Company to make interim borrowings pursuant to arrangements on substantially the same terms contemplated by the Financing Term Sheet (the "<u>Interim Arrangements</u>") with such changes therein and additions thereto as such officer or officers causing the same may consider necessary, appropriate, desirable or advisable, such determination to be conclusively evidenced by such making of such changes.

RESOLVED, that in connection with the Chapter 11 Case, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver and perform or cause the performance of any notes, guarantees, security agreements, other agreements, certificates or instruments as such person considers necessary, appropriate, desirable or advisable to effectuate borrowings pursuant to the Interim Arrangements, such determination to be evidenced by such execution or taking of such action.

RESOLVED, that in connection with the commencement of the Chapter 11 Case, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to negotiate, execute, deliver and perform or cause the performance of a debtor-in-possession loan facility (including, in connection therewith, such guarantees, notes, security agreements and other agreements, certificates, or instruments as such officer or officers executing the same considers appropriate) on substantially the same terms and conditions reflected in the Financing Term Sheet with such

changes therein and additions thereto as such officer or officers executing the same may consider necessary, proper, desirable, or advisable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company and any affiliates thereof.

RESOLVED, that in connection with the commencement of the Chapter 11 Case by the Company, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to adopt a plan of reorganization on terms and conditions substantially similar to those included in the proposed plan term sheet attached hereto as Exhibit B, as such officer or officers executing the same may consider necessary, proper or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company and any affiliates; and

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such persons shall be or become necessary, proper and desirable to effectuate a successful reorganization of the business of the Company.

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to execute such consents of the Company, as such Authorized Person considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action.

RESOLVED, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, as the case may be, and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects: (i) negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such officers may approve, together with such changes and

amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such officers to constitute evidence of such approval, (ii) negotiate, execute, deliver and/or file, in the name and on behalf of the Company any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) doing such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby.

RESOLVED, that, any and all past actions heretofore taken by members of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

IN WITNESS WHEREOF, I have set my hand this 23rd day of January, 2008.

/s/ H. Philip Goodeve
By:  H. Philip Goodeve
Title:  Chief Financial Officer

**EXHIBIT A**
**(DIP Term Sheet)**


**EXHIBIT A IS A VOLUMINOUS DOCUMENT**
**AND ACCORDINGLY HAS NOT BEEN ATTACHED.**
**IT IS AVAILABLE, HOWEVER, UPON REQUEST TO THE**
**DEBTORS.**

**EXHIBIT B**
**(Plan Term Sheet)**

## PRC, LLC

*The following is a summary (the "Preliminary Term Sheet") of certain material terms of a proposed restructuring plan (the "Plan") of PRC, LLC and its wholly-owned affiliates (collectively, "PRC"). This Preliminary Term Sheet is for discussion purposes only and remains subject to further review and comment. This Preliminary Term Sheet does not contain all the terms, conditions and other provisions of the Plan and does not constitute a commitment on behalf of the Postpetition Lenders, the Prepetition First Lien Lenders, the Prepetition Second Lien Lenders or any of their respective affiliates to arrange or provide financing for or to PRC, compromise any existing debt or other obligations of PRC or agree to any restructuring plan of reorganization of PRC, except upon mutually satisfactory documentation and court orders, as applicable. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Debtor-In-Possession Financing Term Sheet. This is not a solicitation to vote for a Plan under Chapter 11 of the U.S. Bankruptcy Code, which can only be accomplished pursuant to a Disclosure Statement and voting process approved by the Bankruptcy Court.*

1. **Corporate Structure Upon Emergence from Bankruptcy:**

   As of the Effective Date, Panther/DCP Intermediate Holdings, LLC ("Intermediate HoldCo") would be the sole owner of the equity interests of reorganized PRC, LLC ("New PRC") and a newly formed top tier holding company ("HoldCo") would be the sole owner of the equity interests of Intermediate HoldCo. The equity interests of HoldCo would be held as set forth below.

2. **Treatment of Secured Claims of Postpetition Lenders:**

   As of the effective date of the Plan (the "Effective Date"), the secured claims of the Postpetition Lenders would be repaid in full by an exit facility (the "Exit Facility") having the following principal financial terms:

   Type of Facility: Revolver or a combination revolver and term loan.

   Borrower: New PRC.

   Guarantors: All subsidiaries of New PRC, Intermediate HoldCo and HoldCo.

   Facility Amount: Not to exceed $40-$45 million (consisting of amounts drawn under the debtor-in-possession revolving facility (the "DIP Facility") at exit, plus go forward revolver needs per exit business plan).

   Interest: Market pricing.

NY4 - 205767.03

Maturity Date:  3 years following the Effective Date.

Purpose:  Repayment of the Postpetition Lenders and working capital and general corporate purposes.

Security:  First priority liens upon all existing and after acquired assets of the Borrower and the Guarantors that constitute Collateral under the DIP Facility.

3.  **_Treatment of Secured Claims of Prepetition First Lien Lenders:_**

(A)  As of the Effective Date, $40 million of the secured claims of the Prepetition First Lien Lenders would be rolled over at par as part of a second lien term loan facility (the "Second Lien Facility") having the following principal financial terms:

Type of Facility:  Term loan.

Borrower:  New PRC.

Guarantors:  Same as under the Exit Facility.

Facility Amount:  $40 million; provided that as of the Effective Date, the Second Lien Facility shall be deemed fully drawn.

Interest:  Market pricing.

Maturity Date:  4 years following the Effective Date.

Principal Amortization:  None.

Security:  Second priority liens upon all existing and after acquired assets of the Borrower and the Guarantors that constitute Collateral under the Exit Facility, which liens shall be subject and subordinate to the liens granted under the Exit Facility.

(B)  As of the Effective Date, $40 million of the secured claims of the Prepetition First Lien Lenders would be exchanged for an unsecured note issued by Intermediate HoldCo having the following principal financial terms:

Borrower:  Intermediate HoldCo.

Guarantors:  None.

2

Principal Amount: $40 million.

Interest: 12% per annum, all of which is payable in kind no less frequently than quarterly.

Maturity Date: 5 years following the Effective Date.

Principal Amortization: None.

Security: None.

(C) As of the Effective Date, the balance of the secured claims of the Prepetition First Lien Lenders would be converted into 80% of the equity interests of HoldCo (the "Equity Interests"), subject to dilution as described below.

4.  **Treatment of Secured Claims of Prepetition Second Lien Lenders:**

As of the Effective Date, all claims of the Prepetition Second Lien Lenders would be converted into 20% of the Equity Interests, subject to dilution as described below.

The Prepetition Second Lien Lenders shall also receive warrants to purchase up to 4% of the fully diluted Equity Interests of HoldCo with an exercise price based upon an enterprise value of $170 million, and warrants to purchase up to an additional 2% of the fully diluted Equity Interests of HoldCo with an exercise price based upon an enterprise value of $200 million. The exercise period shall be from the Effective Date to a date that is 5 years from the Effective Date.

5.  **Treatment of Holders of Unsecured Claims:**

On or as soon as practicable after the Effective Date, each holder of an allowed unsecured claim shall receive, on a pro rata basis, a cash distribution (in amounts yet to be determined) on terms and conditions mutually satisfactory to the Prepetition First Lien Lenders and the Prepetition Second Lien Lenders under the Plan.

6.  **Treatment of Equity Holders:**

As of the Effective Date, all pre-existing equity interests in Panther/DCP Holdings, LLC shall be extinguished without releases from the estate, the Prepetition First Lien Lenders or the Prepetition Second Lien Lenders unless pursuant to separate consideration paid and satisfactory to

3

individual Prepetition First Lien Lenders and Prepetition Second Lien Lenders.

| | | |
|---|---|---|
| 7. | ***Litigation Rights Reserved:*** | All other rights of the Prepetition First Lien Lenders, the Prepetition Second Lien Lenders and the estate against third parties relating to the purchase and financing of PRC from IAC/InterActive Corp., if any, are expressly reserved and not contemplated by or otherwise affected by the Plan. The parties reserve their rights to separately discuss mutually agreeable litigation trust structures, but such discussion is not a term or condition of this Preliminary Term Sheet. |
| 8. | ***Treatment of Management:*** | A yet to be determined amount of the Equity Interests will be issued to management of New PRC. |
| | | The amounts and conditions upon which such Equity Interests will be issued, and the respective dilution between the Prepetition First Lien Lenders and the Prepetition Second Lien Lenders will need to be determined by and be mutually satisfactory to the Prepetition First Lien Lenders and the Prepetition Second Lien Lenders. |
| 9. | ***Corporate Governance:*** | Class of Equity Interests issued to the Prepetition First Lien Lenders shall be entitled to nominate 3 members of the board of directors or other relevant governing authority of HoldCo. |
| | | Class of Equity Interests issued to the Prepetition Second Lien Lenders shall be entitled to nominate 1 member of the board of directors or other relevant governing authority of HoldCo. |
| | | Management of New PRC shall be entitled to nominate 1 member of the board of directors or other relevant governing authority of HoldCo. |
| 10. | ***Other Terms and Conditions:*** | The Plan and all related documentation shall reflect the terms and conditions of this Preliminary Term Sheet to the parties' mutual satisfaction and shall contain such other terms and conditions as the parties mutually agree. |
| | | The debtor-in-possession financing facility, adequate protection in connection therewith and related pleadings shall be consistent with the provisions of the DIP Term Sheet which will be subject to and attached to the Lock- |

4

Up Agreement (as defined below).

Customary corporate provisions including corporate governance, tag along, drag along, preemptive, information access rights and sale or merger of New PRC to be discussed.

This Preliminary Term Sheet will become part of a pre-petition plan support agreement (the "Lock-Up Agreement") containing customary terms and conditions to be executed by PRC, Prepetition First Lien Lenders and Prepetition Second Lien Lenders in support of the Plan.

The distributions on and treatment of claims of Prepetition First Lien Lenders and Prepetition Second Lien Lenders contemplated herein shall become effective and binding only upon the confirmation and effective date of a Plan under Chapter 11 of the U.S. Bankruptcy Code which has been voted upon and approved by the Prepetition First Lien Lenders and Prepetition Second Lien Lenders, voting as separate classes, and approved by the Bankruptcy Court.

5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------x
                                                      :
In re                                                 :
                                                      :
PRC, LLC                                              :    Chapter 11
                    Debtor                            :
                                                      :    Case No. 08-_____ (___)
    8151 Peters Road, Suite 4000                      :
    Plantation, FL  33324                             :    Jointly Administered
    EIN No. 592194806                                 :
-----------------------------------------------------x
```

**LIST OF CREDITORS**
**HOLDING 20 LARGEST UNSECURED CLAIMS**

The following is a list of creditors holding the 20 largest unsecured claims against the Debtor.  This list has been prepared based upon the unaudited books and records of the Debtor.  The list reflects amounts from the Debtor's books and records as of January 18, 2008.  Except as set forth above, this list has been prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure.  The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is less than the total amount of such creditor's claim.  The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor.  Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.

| Name of Creditor | Complete Mailing Address of Creditor Including Zip Code | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if Claim is contingent, unliquidated, disputed or subject to set-off | Amount of Claim (If secured also state value of security) |
|---|---|---|---|---|
| Advanced Contact Solutions, Inc. | 17315 W. Sunset Blvd. Unit B Pacific Palisades, CA  90272<br><br>9th Floor, Citibank Center 8471 Paseo de Roxas 1200 Makati City, Philippines Attn: Victor M. Endaya | Trade Debt | Disputed | $14,800,065.52 |
| Verizon Network Integration Corp. | One Verizon Way Basking Ridge, NJ  07920 Attn: Procurement Legal Counsel<br><br>255 Parkshore Drive Folsom, CA  95630 Attn: Procurement Manager<br><br>52 E. Swedesford Rd. Malvern, PA  19355-1488<br><br>P.O. Box 650457 Dallas, TX  75265-0457 | Trade Debt | Subject to Set-off Disputed | $4,860,066.17 |

| Name of Creditor | Complete Mailing Address of Creditor Including Zip Code | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if Claim is contingent, unliquidated, disputed or subject to set-off | Amount of Claim (If secured also state value of security) |
|---|---|---|---|---|
| IAC/InterActiveCorp | 152 West 57th Street, 42 Floor New York, NY 10019  c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue Los Angeles, CA 90071 Attn: Karen E. Bertero, Esq. | Employee benefits | Contingent | $2,625,000.00 |
| AT&T | One AT&T Way Bedminster, NJ 07921-0752 Attn: General Counsel  P.O. Box 78214 Phoenix, AZ 85062-8214 | Trade Debt | Subject to Set-off | $1,742,008.60 |
| Verizon Business f/k/a MCI, Inc. | 22001 Loudon County Pkwy. Ashburn, VA 20147 Attn: General Counsel  PO Box 905236 Charlotte, NC 28290 | Trade Debt | Subject to Set-off Disputed | $881,299.36 |
| Nice Systems, Inc. | Attn: A/R Dept. 301 Route 17 North, 10th Floor Rutherford, NJ 07070  200 Plaza Drive, 4th Floor Secaucus, NJ 07094 Attn: Legal Department | Trade Debt | | $860,751.49 |
| iEnergizer (USA), Inc. | A-37 Sector – 60 Noida, India 201301  1120 Avenue of the Americas New York, NY 10036 Attn: Adarsh Agarwal | Trade Debt | Disputed | $856,000.00 |
| Oracle Corporation | 500 Oracle Parkway Redwood City, CA 94065 Attn: General Counsel  P.O. Box 71028 Chicago, IL 60694-1025 | Trade Debt | | $756,154.89 |
| Miami Dade County Tax Collector | 140 W. Flagler St., Ste. 1407 Miami, FL 33130-1575 | Taxing Authority | | $693,112.59 |
| Amov International Teleservices, S.A. | 249, 27 de Febrero Avenue Santo Domingo Dominican Republic Attn: Rosanna Ureña | Trade Debt | Subject to Set-off | $512,587.95 |
| U.S. Security Associates, Inc. | 200 Mansell Ct. E., Ste. 500 Roswell, GA 30076-4852 Attn: General Counsel  P.O. Box 931703 Atlanta, GA 31193 | Trade Debt | | $355,391.55 |

| Name of Creditor | Complete Mailing Address of Creditor Including Zip Code | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if Claim is contingent, unliquidated, disputed or subject to set-off | Amount of Claim (If secured also state value of security) |
|---|---|---|---|---|
| Sencommunications, Inc. | 1611 Allison Woods Lane<br>Tampa, FL  33619-7873 | Trade Debt | | $275,730.83 |
| Broward County Revenue Collector | Governmental Center Annex<br>115 South Andrews Avenue<br>Fort Lauderdale, FL  33301<br><br>Governmental Center Annex<br>815 N.E. 13th Street<br>Fort Lauderdale, FL  33301 | Taxing Authority | | $253,653.31 |
| C. Davis Electric Co., Inc. | 1701 S.W. 100th Terrace<br>Miramar, FL  33025-1841 | Trade Debt | | $208,419.64 |
| Dell Marketing, L.P. | One Dell Way, RR8<br>Round Rock, TX  78682<br>Attn:  General Counsel<br><br>P.O. Box 534118<br>Atlanta, GA  30353-4118 | Trade Debt | | $203,543.38 |
| TMP Worldwide, Inc. | 622 third Avenue, 39th Floor<br>New York, NY  10017<br>Attn:  General Counsel<br><br>P.O. Box 538361<br>Atlanta, GA  30353-0001 | Trade Debt | | $200,636.72 |
| Kroll Background America, Inc. | 1900 Church Street, Suite 400<br>Nashville, TN  37203<br>Attn:  General Counsel<br><br>900 Third Avenue, 8th Floor<br>New York, NY 10022<br>Attn:  General Counsel<br><br>P.O. Box 1418<br>Columbus, GA 31902-1418 | Trade Debt | | $189,762.00 |
| Customized Support Serv. Inc. | 319 Yard Drive<br>Verona, WI 53953 | Trade Debt | | $172,471.67 |
| PRC Plaza Associates, LLP | c/o Julianna Bork<br>4751 New Broad Street<br>Mail Code – Orlando – 0018<br>Orlando, FL  32814-6643 | Trade Debt | | $172,461.67 |
| American Express | World Financial Center<br>200 Vesey St.<br>New York, NY  10285<br>Attn:  General Counsel<br><br>P.O. Box 360001<br>Ft. Lauderdale, FL  33336-0001 | Trade Debt | Subject to Set-off | $124,706.84 |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized officer of PRC, LLC, named as the debtor in this case (the "Debtor"), declare under penalty of perjury that I have read the foregoing list of creditors holding the twenty (20) largest unsecured claims against the Debtor and that it is true and correct to the best of my information and belief.

Dated:  January 23, 2008

H. Philip Goodeve
By:    H. Philip Goodeve
Title:   Chief Financial Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------x
In re                                       :
                                            :
PRC, LLC                                    :       Chapter 11
                 Debtor                     :
                                            :       Case No. 08-_____ (____)
8151 Peters Road, Suite 4000                :
Plantation, FL 33324                        :       (Jointly Administered
EIN No. 592194806                           :
-----------------------------------------------------x
```

## LIST OF CREDITORS[1]

Contemporaneously herewith, the Debtor and its affiliated debtors (the "Debtors") have filed a motion requesting a waiver of the requirement for filing a list of creditors pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code, Rules 1007(a)(1) and 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York, and General Orders M-133, M-137, M-138 and M-192 of the United States Bankruptcy Court for the Southern District of New York. The Debtors propose to furnish their list of creditors to the proposed claims and noticing agent. The Debtors have consulted with and received the approval of the Clerk of this Court to implement the foregoing procedures.

The list of creditors will contain only those creditors whose names and addresses were maintained in the Debtors' consolidated database or were otherwise ascertainable by the Debtors prior to the commencement of these cases. The schedules of liabilities to be subsequently filed should be consulted for a list of the Debtors' creditors that is comprehensive and current as of the date of the commencement of these cases.

---

[1]    The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------x
In re                                    :
                                         :
PRC, LLC                                 :      Chapter 11
              Debtor                     :
                                         :      Case No. 08-_____  (___)
8151 Peters Road, Suite 4000             :
Plantation, FL  33324                    :      Jointly Administered
EIN No. 592194806                        :
-------------------------------------------------x
```

**STATEMENT OF SOCIAL-SECURITY NUMBER(S)**
*(or other Individual Taxpayer-Identification Number(s) ("ITIN(s)"))*

1.  Name of Debtor (Last, First, Middle):  __PRC, LLC__
    *(Check the appropriate box and, if applicable, provide the required information.)*
    ☐ Debtor has a Social-Security Number and it is: _ _ _-_ _-_ _ _ _
        *(If more than one, state all.)*
    ☒ Debtor does not have a Social-Security Number but has an Individual
        Taxpayer-Identification Number (ITIN), and it is:
        __EIN No. 592194806.__
            *(If more than one, state all.)*
    ☐ Debtor does not have either a Social-Security Number or an Individual
        Taxpayer-Identification Number (ITIN).

2.  Name of Joint Debtor (Last, First, Middle):_____
    *(Check the appropriate box and, if applicable, provide the required information.)*
    ☐ Joint Debtor has a Social-Security Number and it is: _ _ _-_ _-_ _ _ _
        *(If more than one, state all.)*
    ☐ Joint Debtor does not have a Social-Security Number but has an
        Individual Taxpayer-Identification Number (ITIN) and it is:
        _____.
            *(If more than one, state all.)*
    ☐ Joint Debtor does not have either a Social-Security Number or an
        Individual Taxpayer-Identification Number (ITIN).

I declare under penalty of perjury that the foregoing is true and correct.

X    ⋅ __/s/ H. Philip Goodeve_____
         H. Philip Goodeve, Chief Financial Officer
         Date:  January 23, 2008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------x
In re                                    :
                                         :
PRC, LLC                                 :        Chapter 11
                    Debtor               :
                                         :        Case No. 08-_____ (___)
8151 Peters Road, Suite 4000             :
Plantation, FL 33324                     :        Jointly Administered
EIN No. 592194806                        :
----------------------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS PURSUANT TO
## RULE 1007(a)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

| Name and Last Known Address of Equity Interest Holder | Kind of Interest | Number of Interests Held |
|---|---|---|
| Panther/DCP Intermediate Holdings, LLC 208 Park Avenue New York, NY 10017 | Limited Liability Company Membership Interests | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized officer of PRC, LLC, named as the debtor in this case, declare under penalty of perjury that I have reviewed the "List of Equity Security Holders" and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated: January 23, 2008

By:    /s/ H. Philip Goodeve_____
       H. Philip Goodeve
       Chief Financial Officer

# Exhibit D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Case No. 08-10239 (MG) |
| | : | |
| PRC, LLC, *et al.*, | : | Chapter 11 |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **NOTICE OF APPEARANCE AND** |
| | : | **REQUEST FOR SERVICE OF** |
| | : | **DOCUMENTS** |
| | : | |

TO:    Clerk, United States Bankruptcy Court
       Southern District of New York

PLEASE TAKE NOTICE that the undersigned counsel hereby enters her appearance as

counsel for A&E Partners Holding, LLC and A&E Partners Holding I, LLC, pursuant to Federal

Rules of Bankruptcy Procedure 2002 and 9010(b), and demands that all notices given or required

to be given in this case and all papers served or required to be served in this case be given to and

served upon the undersigned at the following office and address:

> **COLE, SCHOTZ, MEISEL,**
> **FORMAN & LEONARD, P.A.**
> Court Plaza North
> 25 Main Street
> P.O. Box 800
> Hackensack, NJ 07602-0800
> Attn:   Ilana Volkov, Esq.
> Phone:    (201) 489-3000
> Facsimile: (201) 489-1536
> E-mail: ivolkov@coleschotz.com

PLEASE TAKE FURTHER NOTICE that the foregoing demand includes not only the

notices and pleadings referred to in the Federal Rules of Bankruptcy Procedure specified above,

but also includes, without limitation, notices of any application, motion, petition, pleading,

request, complaint, or demand, whether formal or informal, whether written or oral, and whether

transferred or conveyed by mail, delivery, telephone, telegraph, telex, electronically or

otherwise, which affect or seek to affect in any way the Debtors or their respective property

and/or property of the estate.

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Counsel for A&E Partners Holding, LLC and
A&E Partners Holding I, LLC


By:___/s/ Ilana Volkov_____
     Ilana Volkov
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Telecopier

DATED:   Hackensack, New Jersey
         February 6, 2008

45519/0001-1509715v1

## CERTIFICATION OF SERVICE

I certify that on February 6, 2008, the foregoing Notice of Appearance was served by electronic transmission (CM/ECF System) to the parties on the clerk's list who receive electronic notification of filings.

_____ */s/ Ilana Volkov* _____
ILANA VOLKOV

DATED:  February 6, 2008

3

# Exhibit E

**United States Bankruptcy Court for the Southern District of New York**
PRC, LLC Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5082
New York, NY 10150-5082

# PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| PRC, LLC, Inc., et al. | Case No. 08-10239 (MG) |
| Debtors. | Jointly Administered |

Filed: USBC - Southern District of New York
PRC LLC, Et Al.
08-10239 (MG)          0000000291

Name of Debtor Against Which Claim is Held | Case No. of Debtor

**PRC, LLC**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

A&E Partners Holding, LLC and A&E Partners
Holding I, LLC
c/o Cole, Schotz, Meisel, Forman & Leonard, P.A.
Court Plaza North, 25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
(Attn: Ilana Volkov, Esq)
Telephone number: (201) 489-3000    Email Address: ivolkove@coleschotz.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:          Email Address:

1. Amount of Claim as of Date Case Filed: $244,755.57 plus all applicable interest and fees under the Lease
    If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.
    If all or part of your claim is entitled to priority, complete Item 5.
    ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2. Basis for Claim: Real estate taxes pursuant to Lease Agreement
    (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
    3a. Debtor may have scheduled account as: _____
        (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
    Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

    Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
    Describe: _____

    Value of Property: $ _____    Annual Interest Rate _____%

    Amount of arrearage and other charges as of time case filed included in secured claim, if any:

    $ _____    Basis for perfection: _____

    Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

    Amount entitled to priority:

    $ _____

    * Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

**FILED / RECEIVED**

APR 2 4 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 4/21/08 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

2601732

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*
*Items to be completed in Proof of Claim form*

**Name of Debtor, and Case Number:**
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| PRC, LLC | 08-10239 |
| Panther/DCP Intermediate Holdings, LLC | 08-10238 |
| PRC B2B, LLC | 08-10240 |
| Precision Response of Pennsylvania LLC | 08-10241 |
| Access Direct Telemarketing, Inc. | 08-10242 |

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's system (http://chapter11.epiqsystems.com/prcllc) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

2601732

**PRC, LLC** *et al.*
**Case No. 08-10239**

### ATTACHMENT TO PROOF OF CLAIM FOR A&E PARTNERS HOLDING, LLC AND A&E PARTNERS HOLDING I, LLC

On January 23, 2008 (the "Filing Date"), PRC, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

A&E Partners Holding, LLC and A&E Partners Holding I, LLC, successor-in-interest to Parker Real Estate Partners II, LLP (collectively, the "Landlord"), is the landlord of that certain parcel of land with the buildings and improvements thereon located at 19500 South Dixie Highway, Cutler Ridge, Miami-Date County, Florida (the "Premises") pursuant to a Lease Agreement dated April 1, 2008 (the "Lease"). A copy of the Lease is attached hereto as Exhibit A.

Article 3 of the Lease, captioned <u>Payment of Taxes, Assessments, etc.</u>, provides, in relevant part, as follows:

> During the Term Tenant shall, as additional rent, pay to the taxing authority directly . . . all taxes (including ad valorem real property taxes, personal property and sales taxes, if any), assessments . . . of any kind and nature whatsoever which at any time may be assessed, levied, confirmed, imposed upon, or grow or become due and payable out of or in respect of, or become a lien on, the Demised Premises or any party thereto or any appurtenances thereto . . .

<u>See</u> Lease, § 3.01.

Article 6 of the Lease, captioned <u>Landlord's Right to Perform Tenant's Covenants</u>, provides, in relevant part:

> If Tenant shall at any time fail to pay any Imposition in accordance with the provisions of Article 3 hereof . . . the Landlord, after ten (10) days' written notice to Tenant . . . may (a) pay any Imposition payable by Tenant pursuant to the provisions of Article 3 hereof . . .[1]

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Lease.

45519/0001-2601738v1

<u>See</u> Lease, § 6.01.

Additionally, Section 6.02 of the Lease states, in pertinent part:

> All reasonable sums so paid by Landlord and all costs and expenses incurred by Landlord in connection with the performance of any such act, together with interest thereon at the Default Rate from the respective dates of Landlord's making of each such payment or incurring of each such cost and expense . . . shall constitute additional rent payable by Tenant under the Lease . . .

Real estate taxes and assessments for the Premises for 2007 in the total amount of $244,755.57 were due and payable by the Debtor to the Miami-Dade Tax Collector on March 31, 2008. The Debtor failed to make the payment and the Landlord exercised its right under Article 6 of the Lease to satisfy the obligation. Thus, the total amount of the Landlord's claim is $244,755.57, plus all applicable interest, fees and costs in accordance with the Lease.

***NOTHING CONTAINED HEREIN SHALL BE DEEMED OR CONSTRUED TO PRECLUDE THE LANDLORD FROM ASSERTING THAT THIS CLAIM CONSTITUTES AN ADMINISTRATIVE EXPENSE OBLIGATION PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE.***

***THE LANDLORD EXPRESSLY RESERVES THE RIGHT TO AMEND AND SUPPLEMENT THIS PROOF OF CLAIM.***



**FedEx**
Express

*The World*

3

For FedEx Express® Shipments Only

ORIGIN ID: TEBA (201) 489-3000
MAILROOM
COLE SCHOTZ MEISEL FORMAN & LE
25 MAIN ST.

HACKENSACK, NJ 07601
UNITED STATES US

TO ATTN: PRC, LLC CLAIMS PROCESSING
EPIQ BANKRUPTCY SOLUTIONS
757 3RD AVENUE  3RD FLOOR

NEW YORK, NY 10017

Ref# 45519-0001-FY-0462

Ship Date: 23APR08
ActWgt: 0.2 LB
System#: 3832579/CAFE2355
Account#: S 166050500

(201) 489-3000
**FedEx**
Express

CL5058187/22/23 [E]



Delivery Address
Barcode

BILL SENDER

PRIORITY OVERNIGHT
TRK# 6365 9630 7695      Form
                         0201

DSR

10017 -NY-US        ZB  0GSA

THU
Deliver By:
24APR08
EWR      A1

# Exhibit F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                      :
                                           :        Chapter 11 Case No.
PRC, LLC, <u>et al.</u>,                   :        Case No. 08-10239 (MG)
                                           :
                                           :
                    Debtors                :        (Jointly Administered)
                                           :
8151 Peters Road                           :
Suite 4000                                 :
Plantation, FL 33324                       :
EIN No. 592194806                          :

-------------------------------------------------------------x

## DEBTORS' JOINT PLAN OF REORGANIZATION
## UNDER CHAPTER 11 OF THE BANKRUPTCY CODE
## <u>DATED AS OF MAY 2, 2008</u>

PRC, LLC, Panther/DCP Intermediate Holdings, LLC, PRC B2B, LLC, Access Direct Telemarketing, Inc., and Precision Response of Pennsylvania, LLC propose the following chapter 11 plan pursuant to section 1121(a) of the Bankruptcy Code:

## ARTICLE I
## DEFINITIONS AND INTERPRETATION

A.     **Definitions**.

The following terms used herein shall have the respective meanings set forth below:

1.1     *Administrative Expense Claim* means any right to payment constituting a cost or expense of administration of the Reorganization Cases Allowed under sections 330, 503(b), 507(a)(2) and 507(b) of the Bankruptcy Code, including, without limitation, (a) any actual and necessary costs and expenses of preserving the Debtors' estates, (b) any actual and necessary costs and expenses of operating the Debtors' businesses, (c) any indebtedness or obligations incurred or assumed by the Debtors in Possession during the Reorganization Cases and (d) any compensation for professional services rendered and reimbursement of expenses incurred. Any fees or charges assessed against the estates of the Debtors under section 1930 of chapter 123 of title 28 of the United States Code is excluded from the definition of Administrative Expense Claim and shall be paid in accordance with section 13.7 of the Plan.

## ARTICLE VIII
### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

8.1    *Assumption or Rejection of Executory Contracts and Unexpired Leases.*

(A)    Pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, all executory contracts and unexpired leases that exist between the Debtors and any person or entity shall be deemed rejected by the Debtors as of the Effective Date, except for any executory contract or unexpired lease (1) that has been assumed pursuant to an order of the Bankruptcy Court entered prior to the Effective Date and for which the motion was filed prior to the Confirmation Date, (2) as to which a motion for approval of the assumption of such executory contract or unexpired lease has been filed and served prior to the Confirmation Date, or (3) that is specifically designated as a contract or lease to be assumed on Schedules 8.01(A) (executory contracts) or 8.01(B) (unexpired leases), which schedule shall be contained in the Plan Supplement; *provided, however,* that the Debtors reserve the right, on or prior to the Confirmation Date, to amend Schedules 8.01(A) and 8.01(B) to delete any executory contract or unexpired lease therefrom or add any executory contract or unexpired lease thereto, in which event such executory contract(s) or unexpired lease(s) shall be deemed to be, respectively, either rejected or assumed as of the Effective Date; *provided further, however,* that any agreement by a party to (i) refrain from offering employment to persons employed by the Debtors, (ii) refrain from competition with the Debtors' business, (iii) refrain from soliciting business transactions from the Debtors' customers (iv) protect the Debtors' confidential information from disclosure, or (v) recognize the Debtors' ownership of any intellectual property or inventions, shall remain in full force and effect and shall be enforceable by the Debtors or the Reorganized Debtors, as the case may be. The Debtors shall provide notice of any amendments to Schedules 8.01(A) and/or 8.01(B) to the parties to the executory contracts and unexpired leases affected thereby. The listing of a document on Schedules 8.01(A) or 8.01(B) shall not constitute an admission by the Debtors that such document is an executory contract or an unexpired lease or that the Debtors have any liability thereunder.

(B)    Notwithstanding section 8.1(A) above, to the extent (1) the Debtors are party to any contract, service agreement, statement of work, letter of authorization or similar agreement providing for the sale of the Debtors' services to third parties, (2) any such agreement constitutes an executory contract and (3) such agreement (a) has not been rejected pursuant to a Final Order of the Bankruptcy Court, (b) is not subject to a pending motion for reconsideration or appeal of an order authorizing the rejection of such executory contract, or (c) is not subject to a motion to reject such executory contract filed on or prior to the Effective Date, such agreement will be assumed as of the Effective Date by the Debtor that performs the obligations to the client under such agreement, in accordance with the provisions and requirements of sections 365 and 1123(b)(2) of the Bankruptcy Code. The cure required to be paid in connection with the assumption of such a client-related agreement shall be $0.00.

Representative; the Releasors, shall release, waive and discharge unconditionally and forever any Estate Representative and each of its respective members, officers, directors, agents, financial advisors, attorneys, employees, equity holders, parent corporations, subsidiaries, partners, and representatives from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Commencement Date in connection with or relating to any of the Debtors or any of their direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of these Reorganization Cases, the pursuit of confirmation of the Plan, the consummation thereof, the administration thereof or the property to be distributed thereunder.

11.10  *Avoidance Actions/Objections*.

Other than any releases granted herein, by the Confirmation Order and by Final Order of the Bankruptcy Court, as applicable, from and after the Effective Date, the Reorganized Debtors shall have the right to prosecute any and all avoidance or equitable subordination actions, recovery causes of action and objections to Claims under sections 105, 502, 510, 542 through 551, and 553 of the Bankruptcy Code that belong to the Debtors or Debtors in Possession; *provided, however,* that the Reorganized Debtors shall be deemed to have waived all causes of action under section 547 of the Bankruptcy Code against Trade Creditors of the Debtors.

## ARTICLE XII
## RETENTION OF JURISDICTION

The Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, or related to, the Reorganization Cases and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code, including, without limitation:

(a)    To hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases and the allowance of cure amounts and Claims resulting therefrom;

(b)    To determine any and all adversary proceedings, applications and contested matters;

(c)    To hear and determine all applications for compensation and reimbursement of expenses under sections 330, 331 and 503(b) of the Bankruptcy Code;

(d)    To hear and determine any timely objections to, or requests for estimation of Disputed Administrative Expense Claims and Disputed Claims, in whole or in part;

(e)    To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(f)    To issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(g)    To consider any amendments to or modifications of the Plan or to cure any defect or omission, or reconcile any inconsistency, in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(h)    To hear and determine disputes or issues arising in connection with the interpretation, implementation or enforcement of the Plan, the Confirmation Order, any transactions or payments contemplated hereby, any agreement, instrument, or other document governing or relating to any of the foregoing or any settlement approved by the Bankruptcy Court;

(i)    To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code (including, without limitation, any request by the Debtors prior to the Effective Date or request by the Reorganized Debtors after the Effective Date for an expedited determination of tax under section 505(b) of the Bankruptcy Code);

(j)    To hear and determine all disputes involving the existence, scope and nature of the discharges granted under the Plan, the Confirmation Order or the Bankruptcy Code;

(k)    To issue injunctions and effect any other actions that may be necessary or appropriate to restrain interference by any person or entity with the consummation, implementation or enforcement of the Plan, the Confirmation Order or any other order of the Bankruptcy Court;

(l)    To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(m)    To hear and determine any rights, Claims or causes of action held by or accruing to the Debtors pursuant to the Bankruptcy Code or pursuant to any federal or state statute or legal theory;

(n)    To recover all assets of the Debtors and property of the Debtors' estates, wherever located;

(o)    To enter a final decree closing the Reorganization Cases; and

(p)    To hear any other matter not inconsistent with the Bankruptcy Code.

# Exhibit G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re                                      :
                                           :        Chapter 11
PRC, LLC, et al.,                          :
                                           :        Case No. 08-10239 (MG)
                                           :
                    Debtors                :        Jointly Administered
                                           :
8151 Peters Road                           :
Suite 4000                                 :
Plantation, FL  33324                      :
EIN No. 592194806                          :
------------------------------------------------------x


DISCLOSURE STATEMENT FOR DEBTORS'
JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11
OF THE BANKRUPTCY CODE DATED AS OF MAY 2, 2008


WEIL, GOTSHAL & MANGES LLP
Attorneys for Debtors and
    Debtors in Possession
700 Louisiana, Suite 1600
Houston, TX  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511


Dated:  May 2, 2008

HO1:\360359\03\7Q1Z03!.DOC\68397.0004

Debtors. The Plan defines a Trade Creditor as a holder of a General Unsecured Claim against a Debtor if the holder of such General Unsecured Claim provided goods or services to the Debtors in the ordinary course of the Debtors' business. For the avoidance of doubt, IAC/Interactive Corp., former employees of the Debtors, and former officers of the Debtors will not be considered Trade Creditors for purposes of the Plan. An employee or officer of the Debtors will be considered a former employee or former officer if that person is not an employee or officer on the date of the Confirmation Hearing.

## J.    RETENTION OF JURISDICTION

The Bankruptcy Court will have exclusive jurisdiction of all matters arising out of, or related to, the Reorganization Cases and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code, including, without limitation:

(a)    To hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases and the allowance of cure amounts and Claims resulting therefrom;

(b)    To determine any and all adversary proceedings, applications and contested matters;

(c)    To hear and determine all applications for compensation and reimbursement of expenses under sections 330, 331 and 503(b) of the Bankruptcy Code;

(d)    To hear and determine any timely objections to, or requests for estimation of Disputed Administrative Expense Claims and Disputed Claims, in whole or in part;

(e)    To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(f)    To issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(g)    To consider any amendments to or modifications of the Plan or to cure any defect or omission, or reconcile any inconsistency, in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(h)    To hear and determine disputes or issues arising in connection with the interpretation, implementation or enforcement of the Plan, the Confirmation Order, any transactions or payments contemplated thereby, any agreement, instrument, or other document governing or relating to any of the foregoing or any settlement approved by the Bankruptcy Court;

(i)    To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code (including, without limitation, any request by the Debtors prior to the Effective Date or request by the Reorganized Debtors after the Effective Date for an expedited determination of tax under section 505(b) of the Bankruptcy Code);

(j)     To hear and determine all disputes involving the existence, scope and nature of the discharges granted under the Plan, the Confirmation Order or the Bankruptcy Code;

(k)     To issue injunctions and effect any other actions that may be necessary or appropriate to restrain interference by any person or entity with the consummation, implementation or enforcement of the Plan, the Confirmation Order or any other order of the Bankruptcy Court;

(l)     To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(m)     To hear and determine any rights, Claims or causes of action held by or accruing to the Debtors pursuant to the Bankruptcy Code or pursuant to any federal or state statute or legal theory;

(n)     To recover all assets of the Debtors and property of the Debtors' estates, wherever located;

(o)     To enter a final decree closing the Reorganization Cases; and

(p)     To hear any other matter not inconsistent with the Bankruptcy Code.

**K.     MISCELLANEOUS PROVISIONS**

1.     Effectuating Documents and Further Transactions

On or before the Effective Date, and without the need for any further order or authority, the Debtors will file with the Bankruptcy Court or execute, as appropriate, such agreements and other documents that are in form and substance satisfactory to them as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan. The Reorganized Debtors are authorized under the Plan to execute, deliver, file or record such contracts, instruments, releases, indentures and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan and any securities issued pursuant to the Plan.

2.     Withholding and Reporting Requirements

In connection with the Plan and all instruments issued and distributed pursuant to the Plan, any party issuing any instrument or making any distribution under the Plan must comply with all applicable withholding and reporting requirements imposed by any federal, state or local taxing authority, and all distributions under the Plan will be subject to any such withholding or reporting requirements. Notwithstanding the above, each holder of an Allowed Claim that is to receive a distribution under the Plan will have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such holder by any governmental unit, including income, withholding and other tax obligations, on account of such distribution. Any party issuing any instrument or making any distribution under the Plan has the right, but not the obligation, to not make a distribution until such holder has made arrangements satisfactory to such issuing or disbursing party for payment of any such tax obligations.

# Exhibit H

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                              :

PRC, LLC, et al.,                                  :

                                                   :          Chapter 11

                                                   :

              Debtors                              :          Case No. 08-10239 (MG)

                                                   :

8151 Peters Road                                   :          Jointly Administered
Suite 4000                                         :
Plantation, FL  33324                              :
EIN No. 592194806                                  :

------------------------------------------------------------x

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT;
(ii) APPROVING THE NOTICE OF DISCLOSURE STATEMENT HEARING;
(iii) FIXING VOTING RECORD DATE; (iv) APPROVING THE NOTICE AND
OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE
PLAN OF REORGANIZATION AND FIXING THE DATE OF THE
CONFIRMATION HEARING; (v) APPROVING SOLICITATION PACKAGES
AND PROCEDURES FOR DISTRIBUTION THEREOF; (vi) APPROVING THE
FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING
ON THE PLAN OF REORGANIZATION; AND (vii) APPROVING THE
FORMS OF NOTICES TO NON-VOTING CLASSES UNDER THE PLAN OF
REORGANIZATION; (viii) FIXING THE VOTING DEADLINE TO ACCEPT
OR REJECT THE PLAN; (ix) APPROVING THE PROCEDURES FOR VOTE
TABULATIONS; AND (x) AUTHORIZING THE RETENTION OF EPIQ
BANKRUPTCY SOLUTIONS, LLC AS VOTING AND TABULATION AGENT**

Upon the Motion dated April 10, 2008 (collectively with the supplement

thereto, dated May 2, 2008, the "Motion"), of PRC, LLC ("PRC") and certain of its

affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to

sections 105, 502, and 1128 of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 3020, 9013, 9014 and 9021 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rules 2002-1, 3017-1, 3018-1, 3020-1, 9013-1 and 9021-1

of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules"), for (i) approval of the notice of the hearing to

consider approval of the Debtors' proposed Disclosure Statement (as defined below) for

the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as

it may be further amended, the "Plan"), mailed by the Debtors on April 10, 2008; (ii)

approval of the Disclosure Statement; (iii) the fixing of record dates; (iv) approval of the

notice of the hearing and objection procedures in respect of confirmation of the Plan and

setting the date for the hearing on confirmation of the Plan; (v) approval of the

solicitation packages (the "Solicitation Packages") and procedures for distribution

thereof; (vi) approval of the forms of ballots and establishing procedures for voting on the

Plan; (vii) approval of the forms of the notices to non-voting classes under the Plan; (viii)

fixing the voting deadline to accept or reject the plan; (ix) approving the procedures for

vote tabulation; and (x) authorizing the retention of Epiq as the voting and tabulation

agent, all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the

District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting

C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

been provided to: (i) the United States Trustee for the Southern District of New York (the

"U.S. Trustee"), (ii) the attorneys for the official committee of unsecured creditors

appointed in these chapter 11 cases (the "Creditors' Committee"), (iii) all parties entitled

to notice pursuant to this Court's Order, dated January 25, 2008, implementing notice and

case management procedures; (the "Notice Procedures Order"); (iv) the Securities and

Exchange Commission (the "SEC"), (v) the District Director of the Internal Revenue

Service for the Southern District of New York (the "District Director"), (vi) all persons or

entities listed in the schedules of assets and liabilities, schedules of executory contracts

and unexpired leases, and statements of financial affairs filed by the Debtors on March 8,

2008 pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and the

Official Bankruptcy Forms of the Bankruptcy Rules, as such schedules and statements

have been or may be supplemented or amended (collectively, the "Schedules"), and (vii)

any other known holders of claims against or equity interests in the Debtors (collectively,

the "Noticed Parties"); and it appearing that no other or further notice need be provided;

and a hearing having been held before the Court with respect to the Motion (the

"Hearing"); and the Debtors having filed the Disclosure Statement for the Plan, a copy of

which is annexed hereto as Exhibit 1 (the "Disclosure Statement"); and the Court having

determined that the relief sought in the Motion is in the best interests of the Debtors, their

creditors and all parties in interest; and the Court having determined that the legal and

factual bases set forth in the Motion establish cause for the relief granted herein; and

upon the record of the Hearing; and all of the proceedings had before the Court; and after

due deliberation and sufficient cause appearing, therefore

IT IS HEREBY FOUND THAT:

1.      The Disclosure Statement contains adequate information within the

meaning of section 1125 of the Bankruptcy Code.

2.      Actual notice of the Hearing and the deadline for filing objections

to the Disclosure Statement (the "Disclosure Statement Notice") was provided to the

Noticed Parties, and such notice constitutes good and sufficient notice to all interested parties.

3.      The form and manner of notice of the time set for filing objections to, and the time, date, and place of, the Hearing to consider the approval of the Disclosure Statement was adequate and comports with due process.

4.      The forms of the ballots (the "Ballots"), including all voting instructions provided therein, substantially in the forms annexed hereto as Exhibits 4, 5, and 6, are sufficiently consistent with Official Form No. 14 and adequately address the particular needs of these chapter 11 cases and are appropriate for each class of claims entitled to vote to accept or reject the Plan.

5.      Holders of claims and interests in Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), and Class 3 (Other Secured Claims) are unimpaired (the "Unimpaired Classes"), and therefore, conclusively presumed to accept the Plan. Accordingly, holders of claims and interests in the Unimpaired Classes shall not be provided with a Ballot.

6.      Holders of interests in Class 7 (Preconfirmation Equity Interests) under the Plan (the "Non-Voting Impaired Class") will not receive or retain any property under the Plan, and therefore, are deemed to reject the Plan.  Accordingly, holders of claims and interests in the Non-Voting Impaired Class shall not be provided with a Ballot.

7.      The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision whether to accept or reject the Plan.

A:\ORDER (I) APPROVING THE DISCLOSURE STATEMENT.DOC

8.    The procedures, set forth below, for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

9.    The procedures, set forth below, regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and the distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Disclosure Statement is APPROVED; and it is further

ORDERED that all objections to the Disclosure Statement that have not been withdrawn or resolved as provided for in the record of the Hearing are overruled, provided, however, that the objections raised by ACE American Insurance Company, ACE Property & Casualty Insurance Company, Illinois Union Insurance Company, and other members of the ACE group of insurance companies (collectively "ACE") shall be heard at the Confirmation Hearing and ACE's rights with respect thereto are reserved; and it is further

ORDERED that the Disclosure Statement Notice, substantially in the form annexed hereto as Exhibit 2, of the time set for filing objections to, and the hearing to consider approval of, the Disclosure Statement was proper, adequate, and sufficient notice thereof and of all proceedings in connection therewith; and it is further

ORDERED that, with respect to holders of claims of Class 4 (Allowed Prepetition First Lien Claims), Class 5 (Allowed Prepetition Second Lien Claims), and Class 6 (General Unsecured Claims) entitled to vote on the Plan, May 8, 2008 is established as the voting record date (the "Voting Record Date"); and it is further

ORDERED that the Voting Record Date is the date for purposes of determining which creditors and equity interest holders in non-voting classes are entitled to receive an appropriate Notice of Non-Voting Status (as defined below); and it is further

ORDERED that the Confirmation Hearing will be held at 10:00 a.m. (Prevailing New York City Time) on June 19, 2008; provided, however, that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court; and it is further

ORDERED that the notice (the "Confirmation Hearing Notice") of (i) the time fixed for filing objections to confirmation of the Plan and (ii) the time, date, and place of the Confirmation Hearing, substantially in the form annexed hereto as Exhibit 3, is APPROVED; and it is further

ORDERED that objections to confirmation of the Plan or proposed modifications to the Plan, if any, must (a) be in writing; (b) be in the English language; (c) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (d) state with particularity the basis and nature of any objection or proposed modification to the Plan; and (e) be filed, together with proof of

service, with the Court and served so that they are actually received by the following

parties no later than June 12, 2008 at 4:00 p.m. (Prevailing New York City Time): (i)

counsel for the Debtors, Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite

1600, Houston, Texas 77002-2784 (Attn: Alfredo R. Pérez and James T. Grogan); (ii)

the U.S. Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor,

New York, New York 10004 (Attn: Greg M. Zipes); (iii) Chadbourne & Park LLP, 30

Rockefeller Plaza, New York, New York 10112 (Attn: Howard Seife and Andrew

Rosenblatt); (iv) Bingham McCutchen LLP, 355 South Grand Avenue, Suite 4400, Los

Angeles, California 90071-3106 (Attn: William Govier); (v) Bingham McCutchen LLP,

399 Park Avenue New York, New York  10022 (Attn:  Timothy B. DeSieno); (vi)

Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, New

York  10174-0208 (Attn:  Andrew B. Eckstein and Rocco Cavaliere); (vii) Blank Rome

LLP, One Logan Square, Philadelphia, Pennsylvania  19103 (Attn:  Regina Stango

Kelbon); and (viii) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the

Americas, New York, New York 10019-6064 (Attn: Douglas A. Cifu and Jeffrey D.

Saferstein); and it is further

       ORDERED that objections to confirmation of the Plan that are not timely

filed, served, and actually received in the manner set forth above shall not be considered

and shall be deemed overruled; and it is further

       ORDERED that the Debtors shall complete the mailing of the Solicitation

Packages by no later than May 15, 2008 (the "Solicitation Date"); and it is further

       ORDERED that the Solicitation Packages distributed to creditors holding

claims in Class 4 (Allowed Prepetition First Lien Claims), Class 5 (Allowed Prepetition

Second Lien Claims), and Class 6 (General Unsecured Claims) (collectively, the "Voting Classes") shall contain a copy of (i) this Order (excluding the exhibits annexed hereto); (ii) the Confirmation Hearing Notice; (iii) the appropriate Ballot (with instructions), together with a return envelope; (iv) the Disclosure Statement (together with the Plan annexed thereto as Exhibit A); and (v) such other materials as the Court may direct; and it is further

ORDERED that the Solicitation Packages distributed to holders of claims and interests in the Unimpaired Classes or Non-Voting Impaired Classes shall contain a copy of (i) the Confirmation Hearing Notice and (ii) the appropriate form of Notice of Non-Voting Status; and it is further

ORDERED that the Debtors shall distribute, or cause to be distributed by the Solicitation Date: (i) this Disclosure Statement Order (excluding the exhibits thereto), (ii) the Confirmation Hearing Notice, (iii) the Disclosure Statement (together with the Plan annexed thereto as Exhibit A), and (iv) such other materials as the Court may direct to the Noticed Parties; and it is further

ORDERED that, with respect to holders of claims against or interests in the Debtors within a class under the Plan that is deemed to accept or reject the Plan under section 1126(f) or (g) of the Bankruptcy Code, the Debtors are not required to distribute copies of the Plan or Disclosure Statement to holders of such claims and interests unless a party makes a specific request to the Debtors in writing for same; and it is further

ORDERED that the Debtors shall not be required to send Solicitation Packages to creditors that have claims that have already been paid in full; provided, however, that if, and to the extent that, any such creditor would be entitled to receive a

Solicitation Package for any reason other than by virtue of the fact that such claim had been paid by the Debtors, then the Debtors shall send such creditor a Solicitation Package in accordance with the procedures set forth herein; and it is further

ORDERED that, with respect to addressees from which Disclosure Statement Notices are returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the Solicitation Date, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline (as defined below) and shall not constitute a violation of Bankruptcy Rule 3017(d); and it is further

ORDERED that a letter of support for the Plan from the Creditors' Committee, substantially in the form annexed hereto as Exhibit 7, which form is APPROVED, shall be distributed to all known holders of claims in Class 6 (General Unsecured Claims) as of the Voting Record Date; and it is further

ORDERED that a Notice of Non-Voting Status – Unimpaired Classes, substantially in the form annexed hereto as Exhibit 8, which form is APPROVED, shall be distributed to all known holders of claims and equity interests in the Unimpaired Classes as of the Voting Record Date; and it is further

ORDERED that a Notice of Non-Voting Status – Impaired Class, substantially in the form annexed hereto as Exhibit 9, which form is APPROVED, shall

be distributed to the holders of equity interests in the Non-Voting Impaired Class as of the Voting Record Date; and it is further

ORDERED that the Notice of Non-Voting Status – Unimpaired Classes and the Notice of Non-Voting Status – Impaired Class (together, the "Notices of Non-Voting Status") each satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules; and it is further

ORDERED that all Ballots must be properly executed, completed, and delivered to the Epiq by first-class mail, overnight courier, or personal delivery, so that they are actually received by Epiq no later than 4:00 p.m. (Prevailing New York City Time) on June 9, 2008 (the "Voting Deadline"); and it is further

ORDERED that, solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtors in any other context, each claim within a class of claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such claim as set forth in the Schedules, provided that:

(i)     If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(ii)    If a claim for which a proof of claim has been timely filed is, by its terms, contingent, unliquidated, or disputed, such claim is accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such claim is disputed as set forth in subparagraph (vii) below;

(iii)   If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(iv)    If a proof of claim was timely filed in an amount that is liquidated, non-contingent, and undisputed, such claim is temporarily allowed in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (vii) below;

(v)    If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (a) filed by the applicable bar date for the filing of proofs of claims established by the Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such claim is disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(vi)    If a claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution; and

(vii)    If the Debtors have served an objection to or request for estimation of a claim at least ten (10) days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution;

and it is further

ORDERED that if any claimant seeks to challenge the allowance or disallowance of its claim for voting purposes in accordance with the above procedures, such claimant is required to (a) serve on the Debtors and the Creditors' Committee and file with the Court (with a copy to chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, and if any, as to such claim, and (b) obtain an order from the Court authorizing such temporary allowance at a hearing to be held on such motion on the date of the Confirmation Hearing; and it is further

ORDERED that each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its claim therefor; and it is further

ORDERED that any entity that holds a claim in more than one class that is entitled to vote must use separate Ballots for each such claim; and it is further

ORDERED that in the event a creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline is deemed to reflect the voter's intent, and thus, supersedes any prior Ballots; and it is further

ORDERED that in the event a creditor casts a Ballot that is properly completed, executed, and timely returned to Epiq, but does not indicate either an acceptance or rejection of the Plan, shall be deemed to reflect the voter's intent to accept the Plan; and it is further

ORDERED that in the event a creditor casts a Ballot that is properly completed, executed, and timely returned to Epiq, but indicates both an acceptance and a rejection of the Plan, shall be deemed to reflect the voter's intent to accept the Plan; and it is further

ORDERED that the following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:  (i) any Ballot received after the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot, (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant, (iii) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept

or reject the Plan, (iv) any unsigned Ballot, or (v) any Ballot transmitted to Epiq by facsimile or other means not specifically approved herein; and it is further

ORDERED that the amount of a claim that shall count for voting purposes shall be governed by this Order and not by any amount that may be filled in on any Ballot; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court; and it is further

ORDERED that the Debtors are authorized to make nonsubstantive changes, to the Disclosure Statement, the Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Packages prior to mailing; and it is further

ORDERED that the Debtors are authorized to include, at their discretion, an appropriate letter of support by the Creditors' Committee to be included in the Solicitation Package; and it is further

ORDERED that the Debtors are authorized to employ and retain Epiq as their voting and tabulation agent on the terms and subject to the conditions set forth in the letter agreement by and between the Debtors and Epiq dated as of January 18, 2008, annexed to the Motion as <u>Exhibit 10</u> (the "<u>Epiq Agreement</u>"); and it is further

ORDERED that the Debtors are authorized to compensate Epiq in accordance with the Epiq Agreement upon receipt of a reasonably detailed invoice, without the necessity of Epiq filing a formal fee application; and it is further

ORDERED that the hourly rates payable to Epiq in connection with its retention by the Debtors will be those rates set forth in the Agreement; and it is further

ORDERED that all notices to be provided pursuant to the procedures set forth herein are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is waived.

Dated:  May 8, 2008
        New York, New York


/s/ Martin Glenn_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit I

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
A&E PARTNERS HOLDING, LLC and A&E          :
PARTNERS HOLDING I, LLC,                   :
                                           :
                        Plaintiffs,        :          Index No. 105288/2008
         -against-                         :
                                           :
IAC/INTERACTIVE CORP. f/k/a USA            :
INTERACTIVE,                               :
                                           :
                        Defendant          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### NOTICE OF FILING OF DEFENDANT IAC/INTERACTIVE CORP.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

To:     Leo V. Leyva
        Cole, Schotz, Meisel, Forman & Leonard, P.A.
        900 Third Avenue
        16th Floor
        New York, New York 10022

        Clerk of the Court
        Supreme Court, County of New York
        60 Centre Street
        New York, New York 10007

        In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice

of removal of the above-captioned action filed against defendant IAC/Interactive Corp. to the

United States District Court for the Southern District of New York.

A copy of the Notice of Removal with exhibits is attached hereto as Exhibit 1.

Dated: New York, New York
       May 20, 2008

BY: _____
        Janet M. Weiss (JW-5460)
        Jennifer H. Reardon (JR-2552)
        David J. Kerstein (DK-7017)
        Kenneth J. Figueroa (KF-6646)
        Gabriel Herrmann (GH-2436)

        GIBSON, DUNN & CRUTCHER LLP
        200 Park Avenue, 47th Floor
        New York, NY 10166
        Telephone: (212) 351-4000
        Facsimile (212) 351-4035

        *Attorneys for Defendant*
        *IAC/InterActiveCorp*

## CERTIFICATE OF SERVICE

I, Kenneth J. Figueroa, an attorney duly admitted to practice before the United States District Court for the Southern District of New York, hereby certify that on April 2, 2008, I caused to be served hand true and correct copies of defendant IAC/InterActive Corp's Notice of Removal dated May 20, 2008, with exhibits thereto, on the individual shown below:

> Leo V. Leyva
> Cole, Schotz, Meisel, Forman & Leonard, P.A.
> 900 Third Avenue
> 16th Floor
> New York, New York 10022
>
> *Attorneys for Plaintiffs A&E Partners Holding, LLC and*
> *A&E Partners Holding I, LLC*

Dated: New York, New York
       May 20, 2008

                                              _____
                                              Kenneth J. Figueroa

100449620_1.DOC