UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

A&E PARTNERS HOLDING, LLC and A&E
PARTNERS HOLDING I, LLC,

        Plaintiff,

v.                                      08 Civ. 4734 (JGK)

IAC/INTERACTIVE CORP. f/k/a USA
INTERACTIVE,

        Defendant.

------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT IAC/INTERACTIVECORP'S MOTION
TO REFER ACTION TO BANKRUPTCY COURT**


GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Attorneys for Defendant
*IAC/InterActiveCorp*

May 20, 2008

# TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ...................................................................................................1

**STATEMENT OF FACTS**........................................................................................................2
    A.    The Complaint.................................................................................................................. 2
    B.    The PRC Bankruptcy....................................................................................................... 4

**ARGUMENT** ...............................................................................................................................5

**I. A&E'S CLAIM ASSERTED IN ITS ACTION AGAINST IAC IS IDENTICAL TO A CORE MATTER** .. 5
    A.    A&E's Claim Against IAC Is Identical to a Claim that Arises Under The PRC Bankruptcy .......................... 6
    B.    A&E's Claim Against IAC Is Identical to the Claim That Arises In The PRC Bankruptcy ........................... 7

**II. A&E'S CLAIM AGAINST IAC IS RELATED TO THE PRC BANKRUPTCY**............................................ 8

**CONCLUSION** ........................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Alliance Comm'ns Group, Inc. v. Northern Telecom, Inc.,
    65 B.R. 581 (S.D.N.Y. 1986) ............................................................................................. 6

Central Vt. P.S.C. v. Herbert,
    341 F.3d 186 (2d Cir. 2003) ............................................................................................. 10

In re Brentano's, Inc.,
    27 B.R. 90, (Bkrtcy. S.D.N.Y. 1983) ............................................................................... 10

In re Holland Industries, Inc.,
    103 B.R. 461 (Bkrtcy. S.D.N.Y. 1989) .............................................................................. 8

In re Leco Enters., Inc.,
    144 B.R. 244 (S.D.N.Y.1992) ........................................................................................... 5

In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,
    341 F. Supp.2d 386 (S.D.N.Y. 2004) ................................................................................ 5

In re Parmalat Securities Litigation,
    No. 04 Civ. 9771 (LAK)(DLC), 2007 WL 541466 (S.D.N.Y. Feb. 22, 2007) .................. 9

In re Prudential of Florida Leasing, Inc.,
    478 F.3d 1291 (11th Cir. 2007) ......................................................................................... 9

In re Turner,
    724 F.2d 338 (2d Cir. 1983) ............................................................................................... 8

Luan Inv. S.E. v. Franklin 145 Corp.,
    304 F.3d 223 (2d Cir. 2002) ............................................................................................... 6

Orion Pictures Corp. v. Showtime Networks Inc.,
    139 B.R. 785 (S.D.N.Y. 1992) .......................................................................................... 6

Rahl v. Bande,
    316 B.R. 127 (S.D.N.Y. 2004) .......................................................................................... 8

S.G. Phillips Constructors, Inc. v. City of Burlington,
    45 F.3d 702 (2d Cir. 1995) ............................................................................................... 10

# TABLE OF AUTHORITIES
## [Continued]

Page(s)

Tortogs, Inc. v. Ins. Co. of N. Am.,
   No. 93 Civ. 1739 (LMM), 1993 WL 339269 (S.D.N.Y. 1993) .......................................... 6

Widewaters Roseland Center Co. v. TJX Co., Inc.,
   135 B.R. 204 (N.D.N.Y. 1991) ................................................................................... 9, 10

Winstar Holdings, LLC v. Blackstone Group L.P.,
   07 Civ. 4634 (GEL), 2007 WL 4323003, (S.D.N.Y. Dec. 10, 2007) ............................... 8

Wood v. Wood,
   825 F.2d 90 (5th Cir.1987) .............................................................................................. 5

### Statutes

28 U.S.C. § 1334(b) ............................................................................................................ 5, 8

28 U.S.C. § 1452(a) ................................................................................................................ 5

28 U.S.C. § 157 ............................................................................................................. passim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

A&E PARTNERS HOLDING, LLC and A&E
PARTNERS HOLDING I, LLC,

        Plaintiff,

v.

IAC/INTERACTIVE CORP. f/k/a USA
INTERACTIVE,

        Defendant.

------------------------------------- x

08 Civ.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT IAC/INTERACTIVECORP'S MOTION TO REFER ACTION TO BANKRUPTCY COURT

Defendant IAC/InterActiveCorp ("IAC"), by an through its attorneys, Gibson, Dunn & Crutcher LLP, respectfully submits this memorandum of law in support of its motion for an order, pursuant to 28 U.S.C. § 157, and the July 10, 1984 standing order of reference to bankruptcy judges of then-Acting Chief Judge Robert J. Ward (the "Standing Order of Reference"), referring the above-captioned action to the United States bankruptcy Court for the Southern District of New York (Glenn, J.) (the "Bankruptcy Court").

### PRELIMINARY STATEMENT

This case arises out of a lease between A&E Partners Holding, LLC and A&E Partners Holding I, LLC (together "A&E") (the assignees of the original landlord), and PRC, LLC f/k/a Precision Response Corp. ("PRC"), the lessee. PRC commenced a voluntary bankruptcy case on January 23, 2008 in the Bankruptcy Court. A&E allege that they were forced to expend a sum of

money as a result of PRC's failure to pay the State of Florida real property tax assessments that PRC is obligated to pay under the terms of the Lease. A&E seeks to recover that expenditure from IAC, pursuant to the terms of a guaranty between Parker Real Estate Partners III, LLLP [sic] and USA InterActive dated January 14, 2003 (the "Guaranty").

On May 20, 2008, IAC filed a notice of removal with the Clerk of the United States District Court for the Southern District of New York, removing the action to this Court.

A&E's action against IAC should be referred to the Bankruptcy Court because the claim raised in the action implicates core matters of bankruptcy jurisdiction in PRC's pending bankruptcy case. Indeed, A&E filed a notice of appearance and proof of claim in PRC's bankruptcy case. In addition, A&E's proof of claim seeks recovery based upon the exact same operative facts, and for the exact same amount as the claim against IAC in this case. Thus, the claim asserted against IAC overlaps with A&E's claims in PRC's bankruptcy case.

In the alternative, even if the claim asserted by A&E in its action against IAC were deemed non-core to the PRC bankruptcy, the claim is sufficiently "related to" the bankruptcy case and all parties are deemed to have consented to the entry of final orders and judgments by the Bankruptcy Court. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) (creditor submits to bankruptcy court jurisdiction by filing a proof of claim). Accordingly, A&E's action should be referred to the Bankruptcy Court for this reason as well.

## STATEMENT OF FACTS

### A. The Complaint

A&E is the assignee of a lease agreement, dated March 14, 2003 (the "Lease") between the original landlord and PRC. Under the Lease, the original landlord leased a parcel of real property to PRC, the debtor in the bankruptcy case captioned *In re PRC, LLC*, Bankruptcy Petition No. 08-10239-mg (the "Petition"), currently pending before the Honorable Judge Martin

2

Glenn in the United States Bankruptcy Court for the Southern District of New York. *See* Complaint dated April 2, 2008 ("Compl.") ¶¶ 1, 3-4 (Declaration of Janet M. Weiss dated May 20, 2008 ("Weiss Decl.") Ex. A).

IAC is alleged to have guaranteed the Debtor's performance and obligations under the Lease pursuant to the Guaranty. *See* Compl. at p.1, ¶ 5 (Weiss Decl. Ex. A).

On April 2, 2008, A&E commenced a civil action against IAC in the Supreme Court for the State of New York, County of New York, captioned A&E Partners Holding, LLC et al. v. IAC/InterActiveCorp. f/k/a USA InterActive, Index No. 105288/2008 (the "State Court Litigation"), by filing a Summons and Complaint. On May 20, 2008, IAC filed a notice of removal with the Clerk of the United States District Court for the Southern District of New York, removing the action to this Court. IAC now seeks to refer this action to the Bankruptcy Court.

In pertinent part, A&E alleges (1) that the Lease obligates PRC to pay to the State of Florida all real property taxes with respect to the property subject to the Lease, *see* Compl. ¶ 6 (Weiss Decl. Ex. A); (2) that, after commencing its bankruptcy case on January 23, 2008, PRC failed to make payment to the State of Florida for an assessment of real property taxes in the amount of $244,755.57 due on or before March 31, 2008, *see id.* ¶¶ 10-12 (Weiss Decl. Ex. A); (3) that A&E paid the assessment pursuant to the terms of the Lease, *see id.* ¶¶ 13-14 (Weiss Decl. Ex. A); and (4) that the Guaranty obligates IAC to reimburse A&E for amounts that A&E paid on behalf of PRC under the Lease and for associated costs, expenses, interest and attorneys fees pursuant to the terms of the Lease and Guaranty, *see id.* ¶¶ 7-9, 15-18 (Weiss Decl. Ex. A).

IAC did not receive a copy of the Summons and Complaint until April 21, 2008. *See* Weiss Decl. ¶ 2.

3

B.    **The PRC Bankruptcy**

PRC commenced a voluntary bankruptcy case under chapter 11 of the Bankruptcy Code on January 23, 2008. *See* Voluntary Petition dated January 23, 2008 (Weiss Decl. Ex. B).

On February 6, 2008, counsel for A&E filed a notice of appearance in PRC's bankruptcy proceedings. *See* Notice of Appearance and Request for Service of Documents filed by Ilana Volkov on behalf of A&E Partners Holding I LLC and A&E Partners Holding LLC dated February 6, 2008 (Weiss Decl. Ex. C).

A&E subsequently filed a proof of claim (the "A&E Proof of Claim") in PRC's bankruptcy proceedings on April 24, 2008. *See* A&E Proof of Claim, dated April 24, 2008 (Weiss Decl. Ex. D). A&E's Proof of Claim seeks recovery based upon the exact same operative facts, and for the exact same amount as the claim against IAC in this case. *See id.*

PRC filed its Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code and the accompanying Disclosure Statement on May 2, 2008. Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code dated May 2, 2008 (the "Joint Plan") (Weiss Decl. Ex. E); Disclosure Statement for PRC's Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code dated May 2, 2008 (the "Disclosure Statement") (Weiss Decl. Ex. F). A hearing on the PRC's motion for confirmation of its Joint Plan and Disclosure Statement is currently scheduled before the bankruptcy court for June 19, 2008. *See* Bankruptcy Court Order dated May 8, 2008 ("May 8, 2008 Bankruptcy Order") (Weiss Decl. Ex. G).

The Disclosure Statement provides that the leases that PRC will assume pursuant to the Joint Plan will be set forth on Schedule 8.01(B), which will be contained in a Plan Supplement. The Plan Supplement will be filed on or before June 12, 2008. *See id.* As required by section 365(b) of the Bankruptcy Code, PRC will cure all defaults under the leases to be assumed. *See*

Joint Plan § 8.1, at 23 (Weiss Decl. Ex. E). The leases will be assumed upon confirmation of the Joint Plan. *Id.*

PRC has advised IAC that PRC expects to assume the Lease pursuant to the terms of the Joint Plan and, thus, that as required by section 365(b) of the Bankruptcy Code, PRC expects to cure all defaults under the Lease, including any obligation it may have to pay A&E for real property taxes and related costs, expenses, interest and attorneys fees pursuant to the terms of the Lease. *See* Weiss Decl. ¶ 4.

## ARGUMENT

### I.
### A&E'S CLAIM ASSERTED IN ITS ACTION AGAINST IAC IS IDENTICAL TO A CORE MATTER

This case should be referred to the Bankruptcy Court because it is based on a claim that is identical to a claim within the core jurisdiction of the Bankruptcy Court. Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under § 1334 of this title." Under 28 U.S.C. § 1334(b), this Court has jurisdiction to hear "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

Matters "arising under" title 11 and "arising in" a case under title 11 are collectively referred to as "core" bankruptcy proceedings. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 341 F. Supp.2d 386, 411 (S.D.N.Y. 2004); 28 .S.C. § 157(b). A proceeding is a core proceeding "'if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *In re Leco Enters., Inc.*, 144 B.R. 244, 249 (S.D.N.Y.1992) (quoting *Wood v. Wood*, 825 F.2d 90, 96-97 (5th Cir.1987)).

Core jurisdiction of bankruptcy courts is construed as broadly as possible to promote efficient administration of bankruptcy proceedings. *See Luan Inv. S.E. v. Franklin 145 Corp.*, 304 F.3d 223, 229 (2d Cir. 2002).

The Standing Order of Reference—issued under the authority granted to district courts by 28 U.S.C. §157(a)—directs the Court to refer to the Bankruptcy Court all matters that are subject to federal bankruptcy jurisdiction. It states in pertinent part:

> Pursuant to Section 157(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district.

Standing Order of Reference (Weiss Decl. Ex. H); *see also* 28 U.S.C. § 157(a). Several courts in this district have described referrals to the Bankruptcy Court under the Standing Order of reference as "automatic." *Tortogs, Inc. v. Ins. Co. of N. Am.*, No. 93 Civ. 1739 (LMM), 1993 WL 339269, at * 5 (S.D.N.Y. 1993) (granting motion to refer case); *Orion Pictures Corp. v. Showtime Networks Inc.*, 139 B.R. 785, 787 (S.D.N.Y. 1992) (denying motion to withdraw reference and noting that "[c]ases or proceedings arising under title 11 are referred automatically" to bankruptcy court); *Alliance Comm'ns Group, Inc. v. Northern Telecom, Inc.*, 65 B.R. 581, 585 (S.D.N.Y. 1986) (granting motion to refer as "immediate and automatic").

A&E's claim against IAC is identical to a claim within "arising under" and "arising in" bankruptcy jurisdiction and is therefore identical to core matters. Referral to the Bankruptcy Court is therefore proper.

### A. A&E's Claim Against IAC Is Identical to a Claim that Arises Under The PRC Bankruptcy

A&E's claim in this case is identical to a core matter that arises under the PRC bankruptcy case resulting from PRC's assumption of the Lease. In the Disclosure Statement (and the Joint Plan), it is made clear that the Bankruptcy Court has *exclusive* jurisdiction over

6

matters relating to "pending applications for the assumption or rejection of executory contracts or unexpired leases and the allowance of cure amounts and Claims resulting therefrom" and "disputes involving the existence, scope and nature of the discharges granted under the Plan, the Confirmation Order or the Bankruptcy Code." Disclosure Statement ¶ J(a), (j) at 52-53 (Weiss Decl. Ex. F) (emphasis added); *see also*, Joint Plan Art. 12, at 32-33 (Weiss Decl. Ex. E).

A&E seeks to recover under the Lease, which will be assumed by PRC in its bankruptcy case and thus will be subject to the Bankruptcy Court's exclusive jurisdiction. The claim in this action is identical to A&E's claim to cure defaults under the Lease in order to assume it, which is a "core" matter in the bankruptcy case. Any payments A&E will receive to cure defaults under the Lease, and whether A&E will have any claim left to assert pursuant to the Guaranty will be subject to the determination and approval of the Bankruptcy Court. Accordingly, A&E's claim should be removed because it is identical to a claim arising under PRC's bankruptcy case.

**B.    A&E's Claim Against IAC Is Identical to the Claim That Arises In The PRC Bankruptcy**

A&E's claim must also be removed because such claim is identical to a claim that involves "core" matters that "arise in" the PRC bankruptcy proceeding. 28 U.S.C. § 157(b)(2) provides a non-exhaustive list of matters that are to be deemed "core" matters. These include: (1) matters concerning the administration of the estate (§157(b)(2)(A)); (2) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 (§157(b)(2)(B)); (3) determinations as to the dischargeability of particular debts (§157(b)(2)(I)); (4) orders approving the use or lease of property (§157(b)(2)(M)); (5) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate (§157(b)(2)(N)); and (6) other

7

proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship (§157(b)(2)(O)).

Because PRC is expected to assume the Lease, and cure all defaults under the Lease pursuant to the Joint Plan, A&E's claims directly and substantially impacts (1) the administration of PRC's estate, (2) the allowance of claims against the estate and (3) the adjustment of the debtor-creditor relationship between PRC and A&E. These are matters that are categorized as "core" by statute. *See* 28 U.S.C. § 157(b)(2). Accordingly, A&E's claim is further confirmed as identical to a core matter, therefore justifying removal to the District Court.

## II.
## A&E'S CLAIM AGAINST IAC IS RELATED TO THE PRC BANKRUPTCY

Even if A&E's claim against IAC is non-core, it is nonetheless "related to" the PRC Bankruptcy and thus still within federal bankruptcy jurisdiction. 28 U.S.C. § 1334(b). A proceeding is within the "related to" jurisdiction of the Bankruptcy Court if "the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Winstar Holdings, LLC v. Blackstone Group L.P.*, 07 Civ. 4634 (GEL), 2007 WL 4323003, at *5-6 (S.D.N.Y. Dec. 10, 2007). "A proceeding need not necessarily be against the debtor or against the debtor's property to satisfy the requirements for "related to" jurisdiction. . . . Instead, there must be some nexus between the 'related' civil proceeding and the title 11 case." *Rahl v. Bande*, 316 B.R. 127, 133 (S.D.N.Y. 2004). The Second Circuit has defined this nexus as one requiring a "significant connection" to the bankruptcy proceeding. *In re Turner*, 724 F.2d 338, 341 (2d Cir. 1983). Such "significant connection" or nexus exists where proceedings between third parties bind a debtor, involve estate property or concern the debtor-creditor or inter-creditor relationships. *See In re Holland Industries, Inc.*, 103 B.R. 461, 470 (Bkrtcy. S.D.N.Y. 1989).

A&E's claim has a significant connection or nexus to the PRC bankruptcy. First, PRC has indicated that it expects to assume the Lease and cure all alleged defaults thereunder. Moreover, A&E submitted the A&E Proof of Claim in the PRC bankruptcy case which seeks recovery against PRC based upon the exact same operative facts, and for the exact same amount as the claim against IAC in this case. Weiss Decl. ¶ __. Thus A&E's claims in this case will overlap with the assumption and cure to be undertaken by PRC pursuant to its Joint Plan. Joint Plan § 8.01, at 23 (Weiss Decl. Ex. E). This overlap concerns debtor-creditor and inter-creditor relationships with respect to the PRC estate, insofar as any recovery in this action by A&E will bar it from any recovery in the bankruptcy proceeding and vice versa. *In re Prudential of Florida Leasing, Inc.*, 478 F.3d 1291, 1297 (11th Cir. 2007) (noting that Florida law, like the law of most states, prevents a party from recovering twice for the same damages).[1]

Second, to the extent A&E recovers any damages in this action against IAC, IAC will in turn seek to recover any such losses from the PRC estate. Accordingly, any recovery by A&E in this action will have a direct impact on the PRC estate. *See, e.g., Widewaters Roseland Center Co. v. TJX Co., Inc.*, 135 B.R. 204, 208 (N.D.N.Y. 1991) (finding that alleged action against nondebtor guarantor was "related to" debtor's bankruptcy and noting that "[t]he fact remains that whomever . . . pays, the monies will come out of the bankrupt estate.) "This is exactly the type of situation the [Second Circuit] had in mind when it defined "related to" jurisdiction; and there is no doubt that such an action constitutes a "significant connection" with the bankruptcy

---

[1] The Guaranty upon which A&E bases their claim against IAC is expressly governed by Florida Law. The Lease, which does not contain a governing law clause, would be governed by Florida law under conflicts of laws principles. *See In re Parmalat Securities Litigation*, No. 04 Civ. 9771 (LAK)(DLC), 2007 WL 541466, at *8 (S.D.N.Y. Feb. 22, 2007) (noting that in absence of a significant federal interest, a federal court should apply the forum state's choice of law rules even in bankruptcy cases).

proceeding." *Id. See also, In re Brentano's, In*c., 27 B.R. 90, (Bkrtcy. S.D.N.Y. 1983) (finding state court claim against alleged guarantor on a lease "related to" lessee-debtor's bankruptcy proceeding).

Where an action is "related to" and "non-core," it will fall within the bankruptcy court's jurisdiction where, in addition to the required nexus with a title 11 proceeding, the parties consent to the entry of final orders or judgments by the Bankruptcy Court. *See* 28 U.S.C. § 157(c); *S.G. Phillips Constructors, Inc. v. City of Burlington*, 45 F.3d 702, 704 (2d Cir. 1995). Having filed the A&E Proof of Claim in the PRC bankruptcy case, A&E is deemed to have consented "to the bankruptcy court's broad equitable jurisdiction" to resolve the claims it has asserted against IAC. *Central Vt. P.S.C. v. Herbert*, 341 F.3d 186, 191-92 (2d Cir. 2003). In the event A&E's claim is deemed to be "non-core", IAC consents to the entry of final orders or judgments by the Bankruptcy Court.

Because A&E's action against IAC has a significant relationship with the PRC bankruptcy proceeding and thus within its jurisdiction, this action should be referred to the Bankruptcy Court.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Notice of Removal filed concurrently with this Court, defendant IAC respectfully requests that the Court grant its motion for an order referring the above-referenced action to the Bankruptcy Court.

Dated: New York, New York
      May 20, 2008

                                  GIBSON, DUNN & CRUTCHER LLP

                                  By: _____
                                        Janet Weiss (JW-5460)
                                        Jennifer H. Reardon (JR-2552)
                                        David J. Kerstein (DK-7017)
                                        Kenneth J. Figueroa (KF-6646)
                                        Gabriel Herrmann (GH-2436)

                                  200 Park Avenue, 47th Floor
                                  New York, New York 10166-0193

                                  Telephone: (212) 351-4000
                                  Facsimile: (212) 351-4035

                                  *Attorneys for Defendant*
                                  *IAC/InterActiveCorp*

100449571_3.DOC